199 So.2d 717 (1967)
GAMMA PHI CHAPTER OF SIGMA CHI BUILDING FUND CORPORATION, a Non-Profit Corporation Existing under the Laws of the State of Florida, Appellant,
v.
DADE COUNTY, a Subdivision of the State of Florida et al., Appellees.
No. 36158.
Supreme Court of Florida.
May 31, 1967.
*718 James H. Peck, II, and B.E. Hendricks, Miami, for appellant.
Thomas C. Britton, County Atty., and Stuart Simon, Asst. County Atty., for appellees.
THOMAS, Justice.
Consideration of this controversy brings immediately into juxtaposition Article XVI, Section 16, and Article IX, Section 1 of the Constitution, F.S.A. There is then discernible at least two differentiating characteristics. Section 16 of Article XVI relates only to corporations and provides that all their property, except that of a corporation that shall construct a cross-state canal, shall be subject to taxation unless "held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." (Italics supplied.) This section is self-operative and the question of whether or not property in a given case is exempt becomes one of fact. Smith v. Housing Authority of City of Daytona Beach, 148 Fla. 195, 3 So.2d 880, (1941).
On the other hand, Section 1 of Article IX provides for taxation of property "excepting such * * * as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes." (Italics supplied.) This section plainly requires legislative implementation. It is noteworthy that the restriction of exclusive use of property to be exempted does not appear in the latter provision.
The property with which we are presently concerned falls in the second constitutional category. It is obvious from its nature that this is so because its purposes are varied. It is, or has been, occupied by a chapter of a national social fraternity, Sigma Chi. We are told that it constitutes housing for members of the fraternity as well as educational and recreational facilities.
Under Section 192.06(8), Florida Statutes, F.S.A., all property of national college fraternities at colleges and universities used solely for their club houses or homes and "now owned and exclusively used" by them are declared to be the property contemplated by Section 1, Article IX. It is noteworthy that the restrictive purposes detailed in Section 16, Article XVI, are not here imposed.
With what we have said as a preface we approach the salient facts of the immediate controversy. The legislature evidently exercising the power to provide exemptions "by law" enacted what is now Chapter 192 of the Florida Statutes dealing generally with taxation and among the various sections is one, No. 192.062, requiring "every person or organization who has the legal title to real or personal property which is entitled by law to exemption from taxation as a result of its ownership and use" to file on or before April 1 each year with the county tax assessor an application for exemption describing the *719 property and "certifying its ownership and use."
The appellant complains that the legislature went afield in the enactment of this statute and, to quote from its brief, "attempted to add to the constitutional provisions of owning or holding property exclusively for exempt purposes, the additional requirement of making an application for exemption by filling out a form." Appellant claims that the power to enact such a requirement cannot be found in either section of the Constitution hence constitutes a violation of the organic law. We cannot accept this interpretation.
The legislature was acting within the orbit secured to it in Section 1 of Article IX. Furthermore, the requirement that the property-holder disclose yearly the status of his property, that is, its title and use, is a sensible, logical means of determining taxability from year to year, bearing in mind the relative ease with which each of these factors may be varied as the tax years pass. The regulation is a purely administrative measure calculated to produce the orderly and efficient preparation of the tax roll which must be completed by 1 July in each year. Section 193.29, Florida Statutes, F.S.A. The regulation withstands the assault upon it.
Not only does this court agree with the circuit court that the law is valid but we also adopt the court's view that upon the facts the appellant should not prevail because of its indifference which ripened into laches. In January 1965 the tax assessor sent a notice to appellant that Section 192.062 was in effect,  it became a law 1 January 1964  and that application for exemption would have to be filed by 1 April following. Evidently this warning was ignored and on 1 March a second such notice was sent to appellant. Even then the appellant did not get around to filing its claim of exemption until another three months had passed, or but 23 days before the assessor was obliged to complete the roll. The assessor denied the application on the ground of its untimeliness and this suit followed. We think the rule was well within the power of the legislature to make and that the assessor was correct when he applied it.
The decree in appellees' favor is in all respects
Affirmed.
THORNAL, C.J., and ROBERTS, DREW, O'CONNELL, CALDWELL and ERVIN, JJ., concur.