216 So.2d 80 (1968)
UNITED BONDING INSURANCE COMPANY, Appellant,
v.
Ronald J. TUGGLE and Gene Patterson, Individually and Collectively, Appellees.
No. 68-44.
District Court of Appeal of Florida. Second District.
November 22, 1968.
Bazemore & Midgley, Fort Myers, for appellant.
*81 Harry A. Blair, Fort Myers, for appellees.
LILES, Chief Judge.
Appellant, a foreign corporation authorized to do business in this state as a bonding company, takes this appeal from an order granting appellees a summary judgment. The case involves the construction of Section 903.14, Florida Statutes, F.S.A., which reads in material part:
"Contracts to Indemnify Sureties
(1) Every surety for the release of any person on bail, shall file with the undertaking an affidavit stating whether or not he or any one for his use has been promised or has received any security or consideration for his undertaking, and if so, the nature and amount thereof, and the name of the person by whom such promise was made or from whom such security or consideration was received. Any willful misstatement in such affidavit or any intentional omission to set forth in the affidavit all the security or consideration promised or given shall render the person making it subject to the same prosecution and penalty as one who commits perjury. An action to enforce any indemnity agreement shall not lie in favor of the surety against such indemnitor, except with respect to agreements set forth in such affidavit. In an action by the indemnitor against the surety to recover any collateral or security given by the indemnitor, such surety shall have the right to retain only such security or collateral as is mentioned in the affidavit required above." (Emphasis supplied.)
When one Lawrence G. Baugh was arrested and held for criminal trial, appellant bonding company became the surety for him on a $3,000 appearance bond. At the same time the appellees executed an indemnity agreement, which later became the subject of this suit. About one year after the execution of these two documents, however, the criminal defendant fled the State, apparently to escape prosecution, and the appearance bond was estreated and forfeited. Two weeks later appellant's attorney-in-fact executed and filed for the first time an Indemnity Affidavit called for by § 903.14. The reinstated bond was thereafter estreated a second time and appellant instituted this suit against the appellees for damages sustained from the breach of the written indemnity agreement. The trial judge subsequently granted appellees' motion for summary judgment and the bonding company appealed.
The issue to be decided here is whether Florida Statute § 903.14, F.S.A. requires an indemnity affidavit to be filed simultaneously with the filing of the bail undertaking, or whether the documents may be filed at different times. If they are required to be filed simultaneously, then the trial judge did not err in granting the summary judgment.
The issue is one of first impression in this state, and apparently in this country. Three other states, Illinois, Indiana, and New York, have statutes similar to our § 903.14, but they are likewise unconstrued. See Ill.Stat.Ann. ch. 16, § 55 (1965); Ind. Ann.Stat. § 9-3724 (1961); N.Y.Code Crim.Proc. § 554-c (McKinney 1958).
Section 903.14 begins by saying "Every surety for the release of any person on bail, shall file with the undertaking an affidavit * * *." (Emphasis supplied.) The legislature must be assumed to have intended the plain meaning of its words, and the word "shall" when given its ordinary meaning has a mandatory rather than a permissive connotation. Neal v. Bryant, Fla. 1962, 149 So.2d 529, 532, 97 A.L.R.2d 819. The obvious meaning of "shall file with the undertaking" is, therefore, that the indemnity affidavit, if one is entered into, must be filed simultaneously with the bail bond undertaking. Section 903.14 is imperative, not discretionary.
*82 There is a second and deeper reason for construing § 903.14 in a mandatory fashion. One of the most salutary maxims of statutory construction is that when doubt exists as to the meaning of a statute, the purpose for which it was enacted is of primary importance in its interpretation. The intent of the legislature is the touchstone. Florida Indus. Comm. v. Manpower, Inc., Fla. 1956, 91 So.2d 197; Sunshine State News Co. v. State, Fla. App. 1960, 121 So.2d 705; Wallace Corp. v. Overstreet, Fla.App. 1958, 99 So.2d 626.
The key to the intent of the legislature in enacting § 903.14 is found in the theory upon which appearance bonds are predicated. When a surety executes an appearance bond, he voluntarily assumes both the technical custody of the accused person and the responsibility of making certain that the accused appears before the court for the purpose of public justice. Capitol Indemnity Ins. Co. v. State, Fla. 1956, 86 So.2d 156. The surety acts as a guarantor of the criminal defendant's appearance, and if he fails in his responsibility, the bond is forfeited as a penalty.
If the surety is indemnified by a third party, however, the risk of penalty is shifted to the indemnitor, and in such a case it is the indemnitor who is the true bondsman. It, thus, becomes apparent that the legislature intended by § 903.14 to place the indemnitor on an equal footing with the surety, so that the former might protect the property risked through the indemnity agreement. This result could only be accomplished by requiring the bonding company to reveal the indemnitor to the sheriff at the same time the bail bond undertaking is filed.
We, therefore, hold that Section 903.14, Florida Statutes, F.S.A., requires the simultaneous filing of the bail bond undertaking with the indemnity affidavit and affirm.
HOBSON and MANN, JJ., concur.