PIERCE, Judge.
The sole point involved in these three consolidated cases is whether or not the delayed filing of applications for exemptions from taxation should operate to deprive them, under all the circumstances involved, of their right to such exemption, to which they would otherwise be entitled. Both Circuit Judges in the three cases held that the appellee organizations were not so precluded and entered summary final judgment in their favor.
Each of the appellee non-profit corporations, hereinafter called plaintiffs, is the owner and operator of a licensed home for *480 the aged and fully qualified to receive the benefits of F.S. § 192.06, F.S.A., which provides that:
§ 192.06
“The following property shall be exempt from taxation:
* * * * * *
(14) (a) All property, real and personal, of any bona fide home for the aged, licensed by the state board of health, owned and operated by Florida corporations not for profit * *
§ 192.06(14) (b) sets forth in detail the information which must be delivered to the County Tax Assessor annually by the legal entities entitled to such exemption.
F.S. § 192.062, F.S.A., provides:
“Every person or organization who has the legal title to real or personal property which is entitled by law to exemption from taxation as a result of its ownership and use, * * * shall before April 1 of each year file an application for exemption with the county tax assessor listing and describing the property for which exemption is claimed and certifying its ownership and use. The comptroller shall prescribe the forms upon which the application is made.”
Each of the plaintiffs filed separate complaints against the Pinellas County Tax Assessor and other taxing officials praying for a “judgment of refund” of their respective 1967 taxes which were paid under protest, and for cancellation of the 1967 tax assessment of their individual properties owned and used in the operation of their homes for the aged. The defendant officials filed separate motions to dismiss upon the sole ground that the plaintiffs failed to comply with the “mandatory requirements” of F.S. § 192.062, F.S.A. The trial Court denied these motions to dismiss, observing that these were “fact questions” which must be considered by the Court in determining the questions raised by the motions, namely, whether or not the appellees have been guilty of laches in making their individual applications for exemption. The Tax Assessor thereupon filed answers in the three cases, contending in substance that the actions were barred by the failure of appellees to comply with the “mandatory requirements” of said § 192.062.
Written stipulation of facts was thereupon entered into by each of the plaintiff corporations and the Tax Assessor, wherein the following facts were agreed upon, and so presented to the Court by agreement: that even if the written applications for tax exemption had been filed by April I, 1967, instead of in May, 1967, as was the case, the Tax Assessor would not have granted the exemptions; that the reason the applications were not filed before May, 1967, was that all parties were awaiting determination of a case by the Supreme Court which the Tax Assessor himself had appealed from a Circuit Court ruling favorable to Mease Manor, Inc., granting exemption from the 1966 taxes; that the Supreme Court did not decide the appeal until 1968, when it upheld the Circuit Court and ruled the statute constitutional; that until said appeal was determined, and so determined adversely to him, the Tax Assessor would not have granted any exemption from 1967 taxes under the statute involved; that the Tax Assessor did not at any time notify plaintiffs that he would require 1967 tax exemption applications to be filed before April 1, 1967; and that there was not sent to plaintiffs the forms prescribed by the comptroller upon which the applications were to be made. While the aforesaid Mease Manor appeal was pending in the Supreme Court, the Circuit Court case lay dormant by mutual consent of respective counsel for the Tax Assessor 'and Mease Manor and was not finally terminated in favor of Mease Manor until after the Supreme Court decision in 1968.
In addition to the foregoing stipulation of facts, affidavits were filed on behalf of appellees in support of their respective motions for summary judgment. The Tax *481 Assessor offered no proofs. The trial Court thereupon entered a summary final judgment in each of the three cases ordering refund to appellee for the 1967 taxes paid by them under protest. Each summary judgment found: that no justiciable issue existed as to any material facts; that plaintiff corporation had met all requirements for tax exemptions for 1967 applicable to its property; that the corporation was not guilty of laches by not filing its application for 1967 tax exemption strictly on time because the Tax Assessor would not have granted the application if it had been filed on or before April 1, 1967, therefore such filing would have been a futile act, the performance of which the law does not require in order to obtain relief; that the Tax Assessor sent no notice to plaintiff he would require such application to be filed before April 1, 1967, or send the comptroller’s forms upon which the application was to be made; that neither the Tax Assessor, the Tax Collector, nor the Comptroller was “in any way prejudiced” by the fact that the application was filed in May, 1967, instead of April 1st because the application was denied by the Tax Assessor in June, 1967, therefore he had ample time to make up the tax assessment roll on or before July 1, 1967, as required by law. Identical summary final judgments, except for amounts and names of parties, were entered in all three cases, one Judge entering judgments in two of the cases, American Baptist and St. Peters-burg Episcopal, and another Judge entering judgment in Mease Manor. The Tax Collector, Tax Assessor, and Comptroller filed their joint appeals in all three cases to this Court. We agree with the Circuit Court and affirm.
The provision in F.S. § 192.062, F.S.A. that the tax exemption application shall be filed before April 1 of each year is not mandatory in the sense that the party otherwise entitled to such exemption forfeits the right to claim it, thus barring the right to receive it. The statute contains no penalty provision and law does not favor penalties by inference. In fact, the law does not favor penalties or forfeitures at all, unless they are specific in the statute and warranted by the facts.
An example of such penalty and forfeiture is in the homestead exemption statute, F.S. § 192.16, F.S.A., which expressly provides that each taxpayer claiming such exemption must file a written claim thereto, properly filled out and executed, with the Tax Assessor on or before April 1st of each year, and that “failure to do so shall constitute a waiver of said exemption for such year”. The statute here involved, § 192.062 contains no such specific penalty.
The case of Gamma Phi Chapter of Sigma Chi Building Fund Corporation v. Dade County, Fla.1967, 199 So.2d 717, arose under § 192.062 but is not directly in point with the instant case because it is factually distinguishable — yet it is respectable authority for the position of plaintiffs, more from what it necessarily implies than from what it directly holds. In Gamma Phi the local university chapter of the national social fraternity, Sigma Chi, owned certain real property used for a clubhouse and home for members, which property under F.S. § 192.06(8), F.S.A. was exempted from taxation. The local Tax Assessor, pursuant to F.S. § 192.062, F.S.A. sent to Sigma Chi two notices, one on January 1, 1964, and the second on March 1, 1964, advising that application for the exemption had to be filed by April 1st following. Gamma Phi ignored both notices and “did not get around to filing its claim of exemption” until shortly before the deadline for the Tax Assessor to complete the tax roll. Gamma Phi filed suit challenging the Tax Assessor’s denial of tax exemption, but the local Circuit Court entered judgment adverse to the fraternity, which judgment the fraternity appealed. The Supreme Court, referring to § 192.062, said that “the regulation is a purely administrative measure calculated to produce the orderly and efficient preparation of the tax roll which must be completed by 1 July in each year”, but affirmed the lower Court *482 and held against Gamma Phi “because of its indifferences which ripened into lach-es”.
The factual differences between Gamma Phi and the instant case are readily discernible; there were two written notices mailed to Gamma Phi well before the deadline and each was ignored. Here no notice at all was sent, the Tax Assessor had openly declared he would not grant such exemption, and the parties were ae*-tually litigating both in the Circuit Court and the Supreme Court on the identical point involved. But the opinion in Gamma Phi does point out two propositions which are important to decision here — first, § 192.062 is definitely classified as “a purely administrative measure calculated to” expedite preparation of the tax roll rather than a statute of non-claim which would have operated as a bar to tax exemption; and secondly, it recognized laches as justifying, in an appropriate case, the denial of exemption.
Characterizing § 192.062 as being “a purely administrative measure” takes it definitely out of the category of a “hard and fast condition precedent” forfeiture. And in recognizing laches to be sufficient, in a proper case, to warrant denial of exemption, the Supreme Court by necessary inference held that the mere failure of the property owner to file his exemption claim on or before April 1st would not automatically ipso facto bar exemption.
As stated in Gamma Phi, laches can be determined only “upon the facts”. Such facts must show not mere “indifference” on the part of the owner, but must go further and show that such indifference has “ripened into laches”. Measuring the facts in the case sub judice with the legal guidelines laid down in Gamma Phi, the conclusion is irresistible that the three plaintiffs here should not have been denied exemption. No criticism of “indifference” could be fairly leveled at plaintiffs, who were in fact at that time battling the tax officials in Court, having prevailed in the Circuit Court but having to wait for the Supreme Court to act upon the Tax Assessor’s appeal. The trial Court found there was no laches and the evidence was ample to sustain such finding.
And there could have been no lach-es in the legal sense. The Florida cases are legion that laches to be applicable must contain the element of injury to the person against whom relief is sought. The 1st District Court, in Baskin v. Griffith, Fla.App.1961, 127 So.2d 467, states the rule succinctly:
“ * * * the passage of time and nothing more activates a statute of limitation, but lapse of time alone is insufficient to support a finding of laches. Trueman Fertilizer Company v. Allison, Fla.1955, 81 So.2d 734; Cook v. Navy Point, Inc., Fla.1956, 88 So.2d 532. The applicability of the doctrine of laches depends upon the facts of the particular case. Wiggins v. Lykes Bros., Inc., Fla.1957, 97 So.2d 273. Lashes is principally a question of the inequity of permitting a claim to be enforced by equitable remedies in the face of a change in the conditions or relations of the parties occasioned by a delay that works a disadvantage to him against whom equitable relief is sought. Sharrow v. City of Dania, 1938, 131 Fla. 641, 180 So. 18.
The test of laches is whether there has been a delay which has resulted in injury, embarrassment, or disadvantage of any person, but particularly the person against zvhom relief is sought. City of Eustis v. Firster, Fla.App.1959, 113 So. 2d 260.” (Emphasis supplied).
There was no injury to the Tax Assessor here nor to any of the other tax officials by the failure of plaintiffs to file their claims for exemption by April 1, 1967. The tax roll for that year was made up, certified, and became final well before the deadline provided therefor. The Assessor had already publicly announced he would not grant the applications for exemption even if filed before April 1st and *483 did not even bother to send any notice to plaintiffs.
We make one last observation here, and that is to call attention to the utter futility, under the conceded facts of the case, of plaintiffs making any formal claims at all for the exemption. The Tax Assessor had not only publicly voiced his intention to deny such claims but actually was trying to reverse in the Supreme Court the local Circuit Court decision holding in favor of one of these very plaintiffs concerning this same exemption. Under such circumstances, there could be no significance in observing to the letter the filing date for making any claim. As stated in Behrman v. Max, 1931, 102 Fla. 1094, 137 So. 120:
“The law does not require any one to do a vain or useless act, and a formal tender is not always a necessary prerequisite to institution of a suit where it clearly appears that, if it had been made, the tender would not have been accepted; * *
The summary final judgments in all three cases are severally affirmed.
LILES, C. J., and MANN, J., concur.