McNULTY, Judge.
Appellant sought a tax exemption from 1971 taxes for a portion of its lands used as a licensed non-profit old folks’ home. The exemption was denied and this action followed. The trial judge granted with prejudice a motion to dismiss appellant’s second amended complaint. We reverse.
Appellant filed an application for the aforesaid tax exemption well before April 1, 1971 as required by Ch. 196, F.S.1969, F.S.A. However, § 196.191 (14) [1] thereof prescribed that certain information “shall” be filed with the application. Especially, paragraph (b) of said subsection requires that non-profit corporations deliver certain financial information with the application. Concededly, this was not done in this case. Additionally, pursuant to the aforesaid paragraph (b), the tax assessor may request such additional information as he may be advised. He did so here; but no express request was made for the financial information required by paragraph (b). Rather, it , appears, information was requested, and indeed promptly given, relating to paragraph (c) of the aforesaid § 196.191(14) which requires different information.
In any case, the tax assessor thereafter denied the exemption by notice given on May 4, 1971, and a subsequent diligent appeal to the County Tax Adjustment Board suffered a like fate. We point out too, incidentally, that the financial information required by the aforesaid paragraph (b) was neither requested nor given in the proceeding before the Board. In fact, the required financial information nowhere appears in the record of this matter until the filing of the second amended complaint in this case, i. e., the one before us here, to which it is attached as an exhibit.
Now, in dismissing the second amended complaint the trial judge based his order solely on the holding that “Section 196.-191 (14) (b) 1, Florida Statutes, is mandatory . . .”, thereby apparently concluding that timeliness was of the essence. It thus appears the sole question we must decide is whether appellant, having failed timely to furnish the financial information required by paragraph (b) of § 196.-191(14), F.S.1969, F.S.A., has forfeited or waived his right to claim tax exemption for the taxable year 1971. We think not.
This court held in Jasper v. St. Petersburg Episcopal Community, Inc.[2], a case similar to this one, that the April 1 deadline for claiming a tax exemption [3] was not absolute in all cases. That is to say, a late filing under certain circumstances not amounting to laches on the part of the applicant could be excused and no forfeiture of such exemption would result. We relied principally in that case on Gamma Phi *780 Chapter of Sigma Chi Building Fund Corporation v. Dade County[4] in which our Supreme Court held that the statute, requiring the timely filing of an, application for an exemption, is “purely administrative” and is calculated primarily to produce the orderly and efficient preparation of the tax roll which must be completed by July 1 in each year.[5] The necessary implication of Gamma Phi is that the April 1 deadline, even for filing the application, is not absolute; although, under the facts therein, the court affirmed the denial of the exemption because the applicant was clearly guilty of laches in not applying for exemption, though requested to do so by the tax assessor, until 23 days before the assessor was obliged to complete the tax roll.
While neither of the foregoing cases is precisely on point the rationale apparent therein nevertheless persuades us that the mere failure to comply with paragraph (b) of 196.191(14) on or before April 1 of the taxable year, particularly, we think, when the application itself is timely as here, is not of itself fatal to entitlement to the exemption. That is to say, that that section is not mandatory as to timeliness in default of which the exemption is irrevocably lost. All facts and circumstances ought be considered to determine whether the applicant was guilty of laches or is in some other way estopped from denying an operative waiver of the exemption. The trial court, in granting the motion to dismiss, did not reach that point. We think he should have.
In view whereof, the final order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C. J., concurs.
BOARDMAN, J., dissents with opinion.

. This section has since been repealed by Ch. 71-133, Laws of Fla.1971.

. (Fla.App.2d, 1969), 222 So.2d 479.

.See, § 192.062, F.S.1967, changed to § 196.-011, Oh. 69-55, Laws of Fla.1969.

. (Fla.1967), 199 So.2d 717.

. See, § 193.381, F.S.1969.