BOARDMAN, Judge
(dissenting).
I respectfully dissent.
The majority opinion relies, to a great extent, on Jasper v. St. Petersburg Episcopal Community, Inc., Fla.App.2nd, 1969, 222 So.2d 479. The issue in Jasper, supra, was whether a delay in filing should result in a loss of the right to an exemption under all circumstances. The issue was resolved in the negative as, under the facts of the case, timely filing would have been futile in the face of an announced intention to deny any claimed exemption. This court concluded its opinion by stating that “. . . [ujnder such circumstances, there could be no significance in observing to the letter the filing date for making any claim.” The facts of the instant case are clearly distinguishable and the law enunciated in Jasper is inapplicable.
This court held in United Bonding Insurance Company v. Tuggle, Fla.App.2nd, 1968, 216 So.2d 80:
[t]he legislature must be assumed to have intended the plain meaning of its words, and the word “shall” when given its ordinary meaning has a mandatory rather than a permissive connotation. . . . (page 81).
It is undisputed here that the information required by Section 196.191 (14) (b), Florida Statutes, F.S.A., was not timely provided. Accordingly the appellant’s noncompliance with the requirement of this statute constituted a waiver.
Tax exemptions are in the nature of special privileges and should be strictly construed against the claimant and in favor of the taxing power. See State v. Inter-American Center Authority, Fla.1955, 84 So.2d 9.
I would affirm.