GRIMES, Acting Chief Judge.
The tax assessor of Manatee County brings this interlocutory appeal from an order denying a motion to dismiss the ap-pellee’s amended complaint. The amended complaint seeks declaratory, injunctive and other relief against an increased tax assessment of real property.
From the face of the amended complaint we discern that on August 16, 1973, the assessor mailed the notices prescribed by § 194.011(2), Fla.Stat., reflecting substantial increases in the 1973 assessment on several tracts of real property owned by appellee. On September 17, 1973, appellee filed petitions with the Clerk of the Manatee County Board of Tax Adjustment seeking review and adjustment of the assessments. Admitting that the notices were received and that its petition was filed late by fifteen days,[1] appellee alleges that the reason for the tardiness was that it “did not have time in which to take legal action through its board of directors on the matter.” While appellee alleges that the first meeting of the Board of Tax Adjustment did not take place until three days after its petition was filed, there is no allegation that appellee appeared before the Board to assert its objections.
There are no decisions passing upon the effect of late filing under § 194.-011(3) (d). Each party refers to Jasper v. St. Petersburg Episcopal Community, Inc., Fla.App.2d 1969, 222 So.2d 479, as bearing on the point. Jasper dealt with the question of whether a non-profit corporation owning property qualified to receive exemption from taxation could receive an exemption notwithstanding its failure to file an application for the exemption within the time prescribed by § 192.062, Fla.Stat. Just as this court reasoned with respect to the statute under consideration in Jasper, we decline to hold that § 194.011(3), Fla.Stat., should be viewed as a statute of non-claim. We believe there could be circumstances under which the failure to timely file a petition with the Board of Tax Adjustment would not prevent the taxpayer from asserting his objections.
However, we believe the allegations of the amended complaint fall short of presenting such a circumstance. Appel-lee knew of the increased assessment, but simply failed to act upon the notice in a timely manner. The fact that appellee may have had difficulty in assembling all of its directors is not such an extraordinary circumstance as would excuse a failure to file the petition on time. To consider this a sufficient excuse could open the door to all manner of claims of inconvenience on the part of tardy taxpayers. There is a salutary purpose for requiring one who is aggrieved by an increased tax assessment to first present his case to the Board of Tax Adjustment. See City of Tampa v. Palmer, 1925, 89 Fla. 514, 105 So. 115. Likewise, it is reasonable from an administrative standpoint to require the objecting petition to be filed with the Board within a seventeen day period.
The circumstances which justified the waiving of the filing requirements in Jasper were far different than those in the instant case. Since the amended complaint does not allege facts sufficient to obviate the need to go through the Board of Tax Adjustment, it must be dismissed because *131 of the taxpayer’s failure to exhaust its administrative remedies. City of Tampa v. Palmer, supra.
The order denying the motion to dismiss is reversed. The case is hereby remanded for the court to permit the filing of a second amended complaint should appellee believe that it can allege additional facts sufficient to state a cause of action.
MANN (Ret.), J., and McDONALD, PARKER LEE, Associate Judge, concur.

. Fla.Stat. 194.011(3) :
“Any person objecting to the assessment placed on any property taxable to him may file a petition to oppose such assessment. Such a petition shall be filed as follows:

(d) Such petition may be filed at any time during the taxable year prior to the later of:
(1) July 15, or
(2) The seventeenth day following the mailing of notice by the assessor as provided in subsection (2).”