QUESTIONS: 1. May the Commissioner of Education or the state board approve an experimental school calendar which provides for less than 180 actual days of instruction, in the absence of a state board regulation? 2. If question 1 is answered in the negative, may such approval be granted subsequent to the adoption of an appropriate state board regulation? 3. May the Commissioner of Education approve a method of computing state funding for a school operating under an experimental calendar which, in essence, permits one student to generate a full full-time equivalent and thereby provide full funding on the basis of less than 180 actual days of instruction, if such days provide a total number of hours of instruction equivalent to the standard set forth for funding in s. 236.013, F.S.? 4. If question 3 is answered in the negative, does the Commissioner of Education or the State Board of Education have authority to reduce the 180-day requirement of s. 236.02(2), F.S., for other than emergency reasons and approve a proportionate reduction in funds for a school operating under an experimental school calendar? 5. May the Commissioner of Education or the State Board of Education authorize a school district to establish regular contractual positions for members of the instructional staff which provide for less than 196 days of actual service as provided by s. 236.02(3), F.S.? 6. If question 5 is answered in the affirmative, does such service in a position established for less than 196 days qualify as a year of service under the provision of s. 228.041(21), F.S., and as a valid year of service toward qualification for continuing contract as provided in s. 231.36(3), F.S.?
SUMMARY: The Commissioner of Education may approve an experimental school calendar which provides for the equivalent of 180 actual days of instruction, provided that such approval is pursuant to an appropriate state board regulation. The commissioner may approve a method of computing state funds for a calendar of less than 180 actual days of instruction if such approval is pursuant to appropriate state board regulation and such days provide a total number of hours of instruction equivalent to the standards set forth in s. 236.013, F.S. Neither the Commissioner of Education nor the State Board of Education may authorize a school district to establish regular contractual positions for members of the instructional staff which provide for less than 196 days of actual service. It is a well-settled rule of statutory construction that "[w]here the legislative intent as evidenced by the statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms." State v. Egan, 287 So.2d 1 (Fla. 1973). The legislative intent of Ch. 236, F.S., is expressed in s. 236.012 which, inter alia, is "[t]o increase the authority and responsibility of districts for deciding matters of instructional organization and method and to encourage district initiative in seeking more effective and efficient means of achieving the goals of the various programs." The language used by the Legislature in the several relevant provisions discussed below is equally clear and unambiguous. AS TO QUESTIONS 1 and 2: Your first question in answered in the negative, and your second in the affirmative. In providing for minimum requirements of the Florida Education Finance Program, s. 236.02(2), F.S., requires each district to "operate all schools for a term of at least 180 actual teaching days or the equivalent on an hourly basis as specified by regulations of the State Board of Education each school year. . . ." (Emphasis supplied.) Section 228.041(17), id., defines "school year" as "the period during which the schools are regularly in session for a minimum of 180 days of instruction or the equivalent on an hourly basis for pupils as specified by regulation of the state board. . . ." (Emphasis supplied.) These provisions are unequivocal in allowing an equivalent number of hours in lieu of 180 actual teaching days and equally unequivocal in providing that such equivalent time must be specified by regulations of the state board. The fact that the particular school for which the calendar is adopted is an experimental school does not change my conclusion in this respect, as discussed in my answer to question 3. AS TO QUESTION 3: Section 236.013(3), F.S., obviously contemplates the operation of some schools on a weekly calendar of more or less than 25 hours and on a yearly calendar of more or less than 180 days. See s. 236.013(3)(a)2., relating to a double-session school; and s. 236.013(3)(c)3., referring to school programs "scheduled for more or less than 180 school days" and providing that "the department shall determine an equitable method of equivalent funding for experimental schools as approved by the department." However, it is a fundamental principle of statutory construction that all parts of a statute in pari materia must be examined and full force and effect given to each and every provision if it is possible to do so. See Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944). It is only where there is an irreconcilable repugnancy between two statutes or two parts of the same statute that one will be held to have repealed or modified the other by implication. American Bakeries Co. v. Haines City, 180 So. 524. Here, there is no real conflict between the provisions of subsections (3)(a)2. and (3)(c)3. of s. 236.013, supra, and s. 236.02(2), supra. A legislative intent that the department may approve experimental schools to operate on school calendars of less than 180 days, with an equivalent number of hours of more than 25 per week, is not inconsistent with the requirement that an hourly equivalent for less than 180 days must be "specified by regulation of the state board." Thus, in the absence of such a regulation, your third question must be answered in the negative. AS TO QUESTION 4: Section 236.02(2), F.S., provides that: . . . [T]he state board may prescribe procedures for altering and, upon written application, may alter this requirement during a national or local emergency as it may apply to an individual school or schools in any district or districts, and thereupon the apportionment shall be reduced for said district or districts in proportion to the decrease in the length of term in any such school or schools. This section is explicit in requiring a national or local emergency; thus it may not be utilized to reduce funds for a school operating under an experimental school calendar. Your fourth question is, therefore, answered in the negative. AS TO QUESTION 5: Question 5 is answered in the negative. Section 236.02(3), F.S., as amended by Ch. 75-306, Laws of Florida, provides that each school district shall require instructional staff (other than principals and certain special instructional personnel) to give 10 months of service to include not less than 196 days, excluding Sundays and other holidays. The word "shall" when given its ordinary meaning has a mandatory rather than a permissive connotation. United Bonding Ins. Co. v. Tuggle, 216 So.2d 80 (2 D.C.A. Fla., 1968); Neal v. Bryant,149 So.2d 529 (Fla. 1962). In delegating to school districts the authority to decide certain matters of instructional organization and method, the Legislature has established certain minimum requirements that must be complied with by the districts. The provision in question is clear and provides for no exceptions. Thus, instructional staff may not be hired for less than 10 months of service. (It may be noted that HB 1119, introduced during the 1975 Regular Session, would have amended s. 236.02(3), F.S. (1974 Supp.), to allow districts operating on an alternative school year to contract with members of the instructional staff, other than principals and certain special instructional personnel, for less than 196 days.) Therefore, question 6 need not be answered.