JORGENSON, Judge,
dissenting.
I respectfully dissent.
The pleadings in this case affirmatively demonstrate that the mortgage upon which the summary judgment is based was given in support of a bail bond. In such cases, compliance with Section 903.14, Florida Statutes (1979) is a necessary prerequisite to the entry of summary judgment. United Bonding Insurance Company v. Tuggle, 216 So.2d 80 (Fla. 2d DCA 1968). The provision giving a surety the ability to maintain an action against an indemnitor in a bail bond case, as found in Section 903.14(2), Florida Statutes (1979), operates not only to place the parties on equal footing, United Bonding, supra, but is also analogous to the notice provisions as they are found in Section 768.28, Florida Statutes (1979) and must be alleged in the complaint. Cf. Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010, 1022 (Fla.1979).
I would reverse the summary judgment under review and remand to the trial court with directions to dismiss the complaint with leave to amend the complaint so as to allege compliance with Section 903.14, Florida Statutes (1979). Commercial Carrier Corporation v. Indian River County, supra, at 1023.
Since the complaint was insufficient as a matter of law, summary judgment should not have been granted.