HENDRY, Judge.
The primary issue posed by this appeal is whether the untimely filing of a petition with the property appraisal adjustment board protesting an ad valorem tax assessment bars a taxpayer from thereafter seeking judicial redress. We hold that a taxpayer who files an untimely petition with the board seeking review of a tax assessment is not thereafter precluded from filing an action in circuit court, subject only to the limitations imposed under section 194.-171, Florida Statutes (1979).
The facts pertaining to this controversy are as follows. In November, 1979, appellants filed a petition with the Dade County Property Appraisal Adjustment Board (Board) pursuant to section 194.011, Florida Statutes (1979), challenging an increased tax assessment on three parcels located in downtown Miami. The Board refused to grant the appellants a hearing and summarily rejected the petition as untimely on the ground that it was filed more than three months after notice of the increase. See sec. 194.011(3)(d).[1] Subsequent to receipt of the Board’s order denying the petition, and within the time limits imposed by section 194.171,[2] the appellants filed suit in circuit *1015 court contesting the 1979 assessments. The County, appellee herein, answered and asserted as an affirmative defense that the court lacked subject matter jurisdiction. The County later filed a motion for summary judgment on the basis that appellants were barred from proceeding in circuit court since they had failed to exhaust their administrative remedies by timely filing a petition with the Board. On May 22, 1981, the circuit court entered final summary judgment dismissing the action with prejudice. The plaintiff-taxpayers appeal contending that resort to administrative remedies under Chapter 194 is optional and need not be exhausted prior to proceeding in circuit court. We agree and reverse.
It is well-settled that the circuit courts have original and exclusive jurisdiction of all cases involving the legality of any tax assessment. Sec. 26.012(2)(e), Fla. Stat. (1981); Williams v. Law, 868 So.2d 1285 (Fla.1979); Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla.1978). Similarly, the Florida Constitution, Article V, Section 20(c)(3), provides, inter alia, that “until changed by general law” circuit courts shall have exclusive original jurisdiction “in all cases involving legality of any tax assessment or toll.” In the absence of a general law expressly changing this result, the circuit courts retain jurisdiction to determine contested tax assessment actions such as the dispute in the instant case. Chapter 194 not only does not alter the circuit court’s jurisdiction in this respect, but actually affirms it by providing in section 194.032(3), that “nothing herein shall preclude an aggrieved taxpayer from contesting his assessment in the manner provided by s. 194.171.”
An aggrieved taxpayer is not required to exhaust or even utilize the administrative procedure provided by Chapter 194. In lieu of administrative remedies, a taxpayer may directly challenge the appraiser’s preliminary assessment in circuit court since a hearing before the Board is a mere administrative option as opposed to a judicial prerequisite. Secs. 194.032(3) and 194.171, Fla.Stat. (1979); Bystrom v. Equitable Life Assurance Society, 416 So.2d 1133 (Fla. 3d DCA 1982) (Case Nos. 80-26, 80-66, opinion filed March 31, 1982). Appellants were, therefore, entitled to invoke the original jurisdiction of the circuit court, subject only to the restrictions of section 194.171. Since they had the choice of either administrative review before the Board or de novo review in circuit court, appellants were clearly not required to exhaust administrative remedies prior to seeking judicial relief.[3] Cf. Fredericks v. Blake, 382 So.2d 368 (Fla. 3d DCA 1980) (taxpayer who failed to demonstrate special injury or allege violation of specific provisions of the Florida Constitution relating to the county’s *1016 taxing power in his complaint to invalidate preliminary tax assessment rolls, lacked standing to invoke the original jurisdiction of circuit court without first exhausting administrative remedies).
The only remaining question is whether by filing a petition, albeit untimely, with the Board, appellants made an election of remedies precluding them from seeking relief in the courts. We answer this query in the negative. Appellants’ belated attempt to petition the Board constituted an illusory remedy which is not a valid election prohibiting them, from thereafter instituting suit:
[F]or an action to constitute “election of remedies”, there must be two or more available remedies open to plaintiff at the time he institutes the first action. The remedies sought must not only be inconsistent but they must also be coexistent. If the remedy sought in the first instance does not exist at the time it is sought, then there is no election of remedies.... If, in the first instance, plaintiff proceeds upon an assumed remedy which does not exist at the time, and such effort proves abortive, he is not precluded from resorting to another remedy.
Perry v. Benson, 94 So.2d 819, 821 (Fla. 1957) (citations omitted). See also Stone v. City of Maitland, 446 F.2d 83 (5th Cir. 1971) (federal court suit challenging constitutionality of zoning ordinances not barred by res judicata or election of remedies where Florida state court dismissed case on a procedural flaw without entering a judgment on the merits); City National Bank of Miami v. Blake, 257 So.2d 264 (Fla. 3d DCA 1972) (taxpayers who received adverse result in arbitration action under section 194.033, Florida Statutes [repealed, Ch. 71-371, Laws of Fla.] with respect to tax assessment on hotel improvements, were not barred by estoppel or election of remedies and could resort to court action where they did not assert inconsistent positions and assessors were unable to show detrimental reliance).
In summary, we hold that appellants were not required to exhaust administrative remedies prior to seeking judicial relief, and that their untimely filing of a petition with the Board did not serve as an election of remedies so as to preclude them from thereafter filing suit in circuit court.
On the basis of our resolution of this issue, we do not decide the remaining contentions raised by appellants.
The summary judgment is reversed and the cause remanded to the court below for further proceedings.
Reversed and remanded.

. § 194.01 l(3)(d), Fla.Stat. (1979), provides:
Such petition may be filed at any time during the taxable year prior to the later of:
1. July 15, or
2. The 17th day following the mailing of notice by the property appraiser as provided in subsection (2).

. § 194.171 Circuit court to have original jurisdiction in tax cases.—
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the *1015 assessment being contested is certified for collection under s. 193.122(2).
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
(4) No action to contest a tax assessment may be maintained unless all taxes on the property which the taxpayer in good faith admits to be owing, including taxes assessed in years after the action is brought, are paid before they become delinquent.
(5) Pending actions to contest tax assessments shall be dismissed unless the taxpayer shall have paid to the collector all taxes on the property which he in good faith admits to be owing, including taxes assessed in years after the action is brought.
(6)The clerk of the circuit court shall, after deducting his statutory fee, pay to the collector all taxes which have been admitted to be due and have been deposited in the registry of the court in connection with pending actions to contest tax assessments.

. In granting summary judgment for the County, the circuit court relied upon Strickland v. Sarabay Country Club, Inc., 301 So.2d 129 (Fla. 2d DCA 1974) to support the proposition that a taxpayer must exhaust administrative remedies prior to filing an action in court. We find Strickland, which construed Chapter 194 prior to the 1974 amendment which added the language in section 194.032(3) that “nothing herein shall preclude an aggrieved taxpayer from contesting his assessment in the manner provided by s. 194.171,” giving taxpayers the express right to institute judicial proceedings without prior resort to administrative remedies, inapposite to the present case.