The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Roche:
This is in response to your request for an opinion on substantially the following questions:
 1. PURSUANT TO s 455.221(1), F.S., WHAT IS THE SCOPE OF SERVICES THAT "INDEPENDENT LEGAL COUNSEL" CAN PROVIDE TO PROFESSIONAL REGULATORY BOARDS?
 2. IN WHOM IS THE AUTHORITY VESTED FOR PRIOR APPROVAL OF RETENTION OF SUCH COUNSEL?
QUESTION ONE
Your letter of inquiry notes that s 455.221(1), F.S., provides for retention of independent legal counsel by professional regulatory boards within the Department of Professional Regulation under the circumstances set forth therein, and thus you ask for an interpretation in regard to the scope of services or types of duties that such counsel can provide or perform for these boards.
Section 455.221(1), F.S., currently provides:
 The Department of Legal Affairs shall provide legal services to each board within the Department of Professional Regulation, but the primary responsibility of the Department of Legal Affairs shall be to represent the interests of the citizens of the state by vigorously counseling the boards with respect to their obligations under the laws of the state. Subject to the prior approval of the Attorney General, any board may retain independent legal counsel to provide legal advice to the board on a specific matter. Fees and costs of such counsel shall be paid from the Professional Regulation Trust Fund. (e.s.)
For the following reasons, and principally in view of the express language of subsection (1) of s 455.221, F.S., it is my opinion that the types of duties that such "independent legal counsel" can perform are limited to providing legal advice and do not include a full panoply of legal services such as the initiation of litigation or legal proceedings.
Section 455.221(1) expressly provides that while the Department of Legal Affairs shall provide legal services to the boards within the Department of Professional Regulation, "any board may retain independent legal counsel to provide legal advice to the board on a specific matter." (e.s.) The term "advice" is defined in The American Heritage Dictionary of the English Language 1979 Ed., p. 19 as, inter alia, "[o]pinion . . .," "[i]nformation or report . . ."; "Service," however, is defined much more broadly: "occupation or duties . . .," "[e]mployment . . .," "[w]ork done for others as an occupation. . . ." pp. 1184-85. The ordinary and plain meanings of these terms, see, e.g., United Bonding Insurance Company v. Tuggle, 216 So.2d 80 (2 D.C.A.Fla., 1968) when considered together with their juxtaposition within the same subsection of s 455.221, F.S., leads me to conclude that the retention of such outside counsel may only be for the purpose of providing legal advice, not all legal services. See, Letter from the Attorney General to the Board of Land Surveyors, dated January 30, 1984, reaching the same conclusion, applying the rule of statutory construction that the Legislature's use of different words in the same statutory section must be accorded significance, and contrasting the terms "services" and "advice" as used therein. And see, Ocasio v. Bureau of Crimes Compensation Division of Workers' Compensation,408 So.2d 751 (3 D.C.A.Fla., 1982) (Legislature's deliberate use of different terms in different portions of same statute is strong evidence that it intended different meanings); cf., Florida State Racing Commission v. Bourquardez, 42 So.2d 87 (Fla. 1949) (dissent relying on presumption employed in statutory construction that, use by Legislature of certain language in one provision of statute different from that used in other provisions, indicates that different results were intended). See also, Senate Staff Analysis and Economic Impact Statement, Senate Gov.Ops.Comm., June 8, 1981, SB 700 [enacted into law as Ch. 81-302, Laws of Florida, with Section 31 thereof codified as or amending s 455.221(1)], stating that CS/SB 344 was amended on to SB 700 and one effect of proposed change would be "[s]ubject to prior approval of the Attorney General, boards could retain independent legal counsel to advise them on specific matters." (e.s.) Compare, the language of s16.01(3), authorizing the Attorney General to "give his official opinion and legal advice in writing on any question of law . . ." to certain categories of state and local officers with the language of the section immediately following, s 16.015, which makes "legal services" the responsibility of the Department of Legal Affairs, and note that the Attorney General does not furnish legal services to all those whom he may or shall render opinions or legal advice. (e.s.) See also, AGO 74-389 (noting that the term "legal services" as used in s 20.11[3], F.S. 1975 [now codified as s 16.015] encompasses "representation" both in administrative hearings and in court); AGO 77-103 (discussing the scope of s 16.015 in regard to litigation, legal services, or legal representation or defense); AGO 75-39 (legal services equivalent to representation in administrative hearings and litigation).
QUESTION TWO
Your second question asks in whom authority is vested for prior approval of retention for such counsel. The express terms of s455.221(1), F.S., in particular the phrase "[s]ubject to the prior approval of the Attorney General . . .," (e.s.) which dictates that approval of retention resides in the Attorney General to the exclusion of any other official, compels me to conclude that he is the sole approving authority. When the controlling law directs how a thing shall be done, that is in effect a prohibition against its being done in any other way.
E.g., Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); White v. Crandon,156 So. 303 (Fla. 1934); see, Thayer v. State, 335 So.2d 815
(Fla. 1976) (adhering to the rule expressio unius est exclusio alterius). Note also, that the funds that would be expended for such counsel would be paid from the "Professional Regulation Trust Fund." This fund is created pursuant to s 455.219(2), F.S. (1984 Supp.), but the use of the money is restricted by that subsection in the following manner: "to carry out the provisions of this part and the provisions of law with respect to professions regulated by the department and any board. . . ." (e.s.) See also, ss 215.20, F.S. and 215.22(22), F.S. (1984 Supp.); s 215.37(5) (regulating expenditure of this trust fund's money for performance of [statutory] duties with respect to each regulated profession).
In summary, it is my opinion that, pursuant to s 455.221(1), F.S., the types of duties that independent legal counsel can perform for boards within the Department of Professional Regulation are limited to providing legal advice and do not include a full panoply of legal services; further, the authority for prior approval of retention of such counsel is vested in the Attorney General.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General