WENTWORTH, Judge.
Appellant Lanier seeks review of a July 9, 1985, final order of the Commissioner of Education rejecting appellant’s November 27, 1984, application for “endorsement as an associate master teacher for the 1984-85 ... Program.”[1] Rejection was based on appellant’s failure to write her social security number in the line so designated on her application. Notice of that deficiency was first provided to her on April 19, 1985, after she filed a petition on March 18, 1985, asserting that as of March 15 she had not received notice to enable her to take the qualifying test scheduled for March 16. We reverse because we conclude, contrary to the Commissioner, that the application was governed by sections 120.52(8) and 120.60(2), Florida Statutes, which provide in pertinent part:
120.52 Definitions. — As used in this act:
[[Image here]]
(8) ‘License’ means a franchise, permit, certification, registration, charter, or similar form of authorization required by law ...
120.60 Licensing.—
[[Image here]]
(2) ... Within 30 days after receipt of an application for a license, the agency shall examine the application, notify the applicant of any apparent errors or omissions, and request any additional information the agency is permitted by law to require. Failure to correct an error or omission or to supply additional information shall not be grounds for denial of the license unless the agency timely notified the applicant within this 30-day period.... Every application for license shall be approved or denied with 90 days after receipt of the original application or receipt of the timely requested additional information or correction of errors or omissions_ Any application for a license which is not approved or denied within the 90-day period or shorter time period, ... shall be deemed approved; and, subject to the satisfactory completion of an examination, if required as a prerequisite to licensure, the license shall be issued.
Appellee argues that the master teacher designation, unlike a teaching certificate, “confers no rights or privileges” except for an additional $3000 annually. Appellee does not refer to the explicit terms of the implementing rule which state that the holder of such certification shall be “eligible to be assigned ... to perform” as department chairman and in three other capacities “in addition to classroom teaching:”
6A-4.46 State Master Teacher Program.
... The holder of certification of associate master teacher shall, in addition to classroom teaching duties, be eligible to be assigned by the district school board to perform the following duties: conducting inservice education, developing curriculum, serving as department chairman, and serving as a subject area specialist. Also, to provide an incentive *614 for such personnel to continue their employment in the Florida public schools, a meritorious award is provided to each person who is certified as an associate master teacher and who establishes eligibility. (e.s.)
While “eligible” does not mean a designee is automatically “entitled” to the privileges listed, eligibility is a necessary part of entitlement. Master teacher certification is clearly required by the rule before a teacher is eligible under the rule for the special assignments, which are (just as clearly) intended to describe and accord professional privileges in addition to the money incentive. To that extent the special designation entitles its holder to be considered for future professional assignments which would not be permissible without designation, even assuming appellee is correct in asserting that the $3000 annual payment is merely reward for past service. The certification or designation is therefore properly regarded as a license[2] for the purposes of Chapter 120 notice provisions, supra.
Although appellant asks that the ap-pellee Commissioner be directed to “grant a make-whole remedy awarding the designation of Associate Master teacher to the Petitioner,” we conclude, under the terms of section 120.60(2), supra, the lack of timely notice by appellee results only in appel-lee being unable to deny certification based on the cited omission from the application. Appellant should therefore be permitted to pursue certification as if her application had been complete. Certain time constraints for examination and for other requirements for certification will obviously have been mooted by the intervening appeal. The prescription of section-120.60(2) in these circumstances appears to be that the application shall be “deemed approved ... subject to the satisfactory completion” of the required examination and other prerequisites, which would necessarily relate back to the period for which the application is “deemed approved” by the terms of the statute.
Our disposition of the primary issue on appeal makes unnecessary any treatment of the additional questions raised as to whether disclosure of a social security number was a proper or essential part of substantial completion of the form.[3]
We reverse and remand for further proceedings consistent with this opinion and with the applicable law and rules.
BOOTH, C.J., and SMITH, J., concur.

. The program was inaugurated by Chapter 84-336, Laws of Florida, Sections 18 and 19, amending section 231.533, Florida Statutes.

. We are referred to no express exemption from Chapter 120 standards for the procedure in question, and certain provisions of the implementing regulations (Rule 6A~4.46(10)(c)) do reference those standards. See World Bank v. Lewis, 425 So.2d 77 (Fla. 1st DCA 1982); Capeletti Brothers v. State Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978); and Harry E. Prettyman Inc. v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442 (1926).

. Cf. Christian and Missionary Alliance Foundation, Inc. v. Schooley, 289 So.2d 778 (Fla. 2d DCA 1974).