Mr. Marlin M. Feagle Columbia County Attorney and Columbia County Adjustment Board Attorney 153 Northeast Madison Street Post Office Box 1653 Lake City, Florida 32056-1653
Dear Mr. Feagle:
On behalf of the Columbia County Board of County Commissioners and the Columbia County Adjustment Board, you ask substantially the following question:
Is the language in section 194.011(3), Florida Statutes, providing for the filing of petitions with the value adjustment board by a certain date, mandatory?
According to your letter, the Columbia County Value Adjustment Board has in the past received petitions that were filed after the 25th or 30th day following the mailing of the notice by the property appraiser as provided in section 194.011(3)(d), Florida Statutes. You state that the board has considered the language of the statute to be directory and has voted not to hear petitions that were filed after the 25th or 30th day but before the commencement date of the board's hearings. A number of petitioners have objected to this interpretation of the statute and, accordingly, you ask whether the board may hear such petitions.
Section 194.015, Florida Statutes, creates a value adjustment board for each county. The board consists of three members of the governing body of the county as elected from the membership of the board of said governing body, one of whom shall be elected chairperson, and two members of the school board as elected from the membership of the school board. Pursuant to section 194.032(1)(a), Florida Statutes, the value adjustment board shall meet not earlier than 30 days and not later than 60 days after the mailing of the notice provided in section. 194.011(1), Florida Statutes,[1] to hear:
 "1. Petitions relating to assessments filed pursuant to s. 194.011(3). 2. Complaints relating to homestead exemptions as provided for under s. 196.151. 3. Appeals from exemptions denied, or disputes arising from exemptions granted, upon the filing of exemption applications under s. 196.011. 4. Hearing appeals concerning ad valorem tax deferrals and classifications."
Section 194.011(3), Florida Statutes, provides for petitions to the value adjustment board. Paragraph (3)(d) of the statute provides:
 "The petition may be filed, as to valuation issues, at any time during the taxable year on or before the 25th day following the mailing of notice by the property appraiser as provided in subsection (1). With respect to an issue involving the denial of an exemption, an agricultural or high-water recharge classification application, an application for classification as historic property used for commercial or certain nonprofit purposes, or a deferral, the petition must be filed at any time during the taxable year on or before the 30th day following the mailing of the notice by the property appraiser under s. 193.461, s. 193.503, s. 193.625, or s. 196.193 or notice by the tax collector under s. 197.253."
In considering an earlier version of the statute, one of my predecessors in office considered whether the deadline could be extended beyond that prescribed by statute. This office in Attorney General Opinion 70-87 concluded that while the statutes do not provide for an extension of the time for filing petitions for review of assessments after timely completion of the tax roll, the failure to meet the statutory deadline by the board of tax adjustment [now the value adjustment board] was not an absolute bar to such petitions.
Subsequently in Strickland v. Sarabay Country Club, Inc.,[2] the court considered the effect of late filing under section 194.011(3)(d), Florida Statutes (1973). The court declined to hold that the statute should be viewed as a statute of non-claim:
 "We believe there could be circumstances under which the failure to timely file a petition with the Board of Tax Adjustment would not prevent the taxpayer from asserting his objections."[3]
In that case, however, the court determined that the allegations of the complaint fell short of presenting such a circumstance. The corporation knew of the increased assessment but simply failed to act upon the notice in a timely fashion. The fact that the corporation had difficulty in assembling all of its directors was not, in the court's opinion, an extraordinary circumstance that would excuse the corporation's failure to file the petition on time:
 "To consider this a sufficient excuse could open the door to all manner of claims of inconvenience on the part of tardy taxpayers. There is a salutory purpose for requiring one who is aggrieved by an increased tax assessment to first present his case to the Board of Tax Adjustment. . . . Likewise, it is reasonable from an administrative standpoint to require the objecting petition to be filed with the Board within [the statutorily prescribed] period."[4]
The Department of Revenue has adopted a rule addressing this situation. Rule 12D-10.003(8), Florida Administrative Code, provides:
 "The [value adjustment] board may not extend the time for the filing of petitions. However, the failure to meet the statutory deadline for filing a petition to the board is not an absolute bar to consideration of such a petition by the board when the board determines that the petitioner has demonstrated good cause justifying consideration and that the delay will not, in fact, be prejudicial to the performance of its functions in the taxing process."
Based upon the above, I am of the opinion that while the value adjustment board may not extend the time for the filing of petitions, the failure to meet the statutory deadline for filing a petition to the board is not an absolute bar to its consideration by the board if the board determines that the petitioner has demonstrated good cause justifying consideration and the delay will not be prejudicial to the board's performance of its functions.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] While s. 194.032(1)(a), Fla. Stat., provides no board hearing shall be held before approval of all or any part of the assessment rolls by the Department of Revenue, subsections (1)(b) and (c) provide:
"(b) Notwithstanding the provisions of paragraph (a), the value adjustment board may meet prior to the approval of the assessment rolls by the Department of Revenue, but not earlier than July 1, to hear appeals pertaining to the denial by the property appraiser of exemptions, agricultural and high-water recharge classifications, classifications as historic property used for commercial or certain nonprofit purposes, and deferrals under subparagraphs (a)2., 3., and 4. In such event, however, the board may not certify any assessments under s. 193.122 until the Department of Revenue has approved the assessments in accordance with s.193.1142 and all hearings have been held with respect to the particular parcel under appeal. (c) In no event may a hearing be held pursuant to this subsection relative to valuation issues prior to completion of the hearings required under s. 200.065(2)(c)."
[2] 301 So.2d 129 (Fla.2d DCA 1974).
[3] Id. at 130. The court relied on its earlier decision in Jasper v.St. Petersburg Episcopal Community, Inc., 222 So.2d 479 (Fla.2d DCA 1969), which considered whether a nonprofit corporation owning property qualified to receive an exemption from taxation could receive an exemption notwithstanding its failure to file an application for the exemption within the time period prescribed by s. 192.062, Fla. Stat. The court concluded that the circumstances which justified the waiving of the filing requirements in Jasper were far different than those inStrickland. In Jasper, no notice had been sent to the taxpayer, the tax assessor had openly declared he would not grant such an exemption and the parties were actually litigating the point. Cf., Gamma Phi Chapter ofSigma Chi Building Fund Corporation v. Dade County, 199 So.2d 717 (Fla. 1967) in which the Court in affirming the denial of a tax exemption concluded that while statute was purely administrative measure calculated to produce orderly and efficient preparation of tax roll, Gamma Phi's indifference had ripened into laches.
[4] 301 So.2d at 130.