443 So.2d 630 (1983)
Doyle Paul DOOLEY, Plaintiff-Appellant,
v.
Paula Prince DOOLEY, Defendant-Appellee.
No. 83-253.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 6, 1984.
Haik, Haik & Minvielle, Richard T. Haik, New Iberia, for plaintiff-appellant.
Haney, Akers & Segura, J. Phil Haney, New Iberia, for defendant-appellee.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
The issue here is whether custody and child support awards granted in a separation judgment terminate upon reconciliation of the spouses. The trial court held that a reconciliation does not operate to terminate custody and child support awards and that, if following the reconciliation the spouses again separate, the spouse to whom child support had previously been awarded has a right of action against the other spouse to collect past due support payments accumulating since the second separation. From a judgment against him making executory these past due child support payments, the husband in this case has appealed. We reverse. We hold that a reconciliation effectually terminates a judgment for custody and child support. A judgment of custody (absent interdiction of a spouse) cannot, under our law, co-exist with the circumstances where married parents are neither judicially separated nor living separate and apart.
The facts are not in dispute. The parties were married in 1965 and lived together until they separated on March 9, 1978. A judgment of separation was signed on May *631 1, 1978, and in this judgment the wife was awarded the temporary custody of the minor child and $100 per week child support.
The parties reconciled early in 1980 and lived together for the next 18 months, physically separating once again in June 1981. Neither party thereafter filed a new separation suit nor did either party seek a further judicial determination of custody or child support.
When the parties separated the second time the child remained in the actual custody of the wife and the husband voluntarily resumed the payment of child support, but at a lesser amount than $100 a week. On December 21, 1982, the wife filed a petition which created the issue presently before us. She sued for past due child support along with attorney's fees, alleging the husband had failed to pay the full amount due under the May 1978 child support order. On a showing that the husband had paid only $4,450 since the second separation, and that calculated on the basis of the earlier judgment the amount paid since the second separation should have been $7,200, the trial court awarded a judgment in favor of the wife for the amount of $2,750 with legal interest, plus attorney's fees in the amount of $150.
The trial court based its decision that the judgment for child support was unaffected by the subsequent reconciliation on Lewis v. Lewis, 404 So.2d 1230 (La. 1981). That case held that a judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree, and that therefore it does not terminate upon the rendition of a judgment of divorce. The trial court was aware of earlier jurisprudence that when an action of separation is extinguished by reconciliation all decrees relating thereto (excepting that of dissolution of community) are extinguished, citing particularly Hickman v. Hickman, 218 So.2d 48 (La.App. 3rd Cir.1969), writ denied 253 La. 879, 220 So.2d 460 (1969), and Hickman v. Hickman, 227 So.2d 14 (La.App. 3rd Cir.1969), which held that an award of temporary custody can no longer stand if the separation suit is extinguished by reconciliation. Apparently, the trial court believed that Lewis impliedly overruled the Hickman cases and all others of similar import. The trial court understandably reached this result by reasoning that since Lewis stated that a support judgment has a legally independent basis and is not a mere incident of the separation decree, only the action of separation was extinguished by the reconciliation in the instant case and the judgments of custody and support were not.
We do not believe that the rationale of the Lewis case requires this result. True, La.C.C. art. 152 dealing with reconciliation by its terms extinguishes only the action of separation. Accepting the fact that the support decree was independent of the judgment of separation, however, does not mean that it survived the reconciliation. A reconciliation is a resumption or renewal of the former marriage relation. Martin v. Martin, 151 La. 530, 92 So. 46 (1922). Orders of custody and child support are in their nature subject to change or termination. They are subject to change according to the circumstances and will expire on the happening of certain events. For example, custody and child support awarded under La.C.C. arts. 146 and 157 expire upon the child's majority (R.S. 9:309), as does parental authority under article 216. King v. Sanchez, 273 So.2d 45 (La.App. 4th Cir. 1973). Also, there are times when automatic termination occurs by operation of law. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). We find this case to be one where there has been an automatic termination by operation of law. We hold that custody in one spouse, the right to which depends upon a separation of the spouses, either de facto (R.S. 9:291) or de jure (La. C.C. arts. 146 and 157), cannot exist when the parents have become reconciled and there is no longer separation either de facto or de jure. The legal effect of the termination of the separation in the instant case was to cause the child to once more fall under the parental authority of both parents provided by La.C.C. art. 216. Legal *632 custody in one spouse cannot co-exist with the parental authority of article 216. The order of child support, which is dependent on custody [Dubroc v. Dubroc, 388 So.2d 377 (La.1980)], likewise fell. The custody and support orders, having terminated, could not be resurrected by a subsequent return to living separate and apart.
The judgment making executory past due child support payments and awarding attorney fees, not being based upon an extant order of support, was in error and must be reversed.
For the reasons assigned, the judgment of the trial court is reversed and set aside, and the petitioner's suit is dismissed at her costs.
REVERSED AND RENDERED.