461 So.2d 104 (1984)
Steven DRURY, et al., Petitioners,
v.
The Honorable Major B. HARDING, Circuit Court Judge, Division B, Fourth Judicial Circuit, Duval County, Florida, Respondent.
No. 64727.
Supreme Court of Florida.
December 20, 1984.
*105 Louis O. Frost, Jr., Public Defender, and John E. Mathews, III, and James T. Miller, Asst. Public Defenders, Fourth Judicial Circuit, Jacksonville, for petitioners.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for respondent.
McDONALD, Justice.
In Drury v. Harding, 443 So.2d 360, 362 (Fla. 1st DCA 1983), the district court certified the following question:
WHETHER THE RULES ADOPTED DECEMBER 16, 1982, BY THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES GOVERNING THE ADMINISTRATION OF CHEMICAL TESTS FOR BLOOD ALCOHOL CONTENT UNDER SECTION 316.1932, FLORIDA STATUTES, CAN BE APPLIED TO TESTS ADMINISTERED BEFORE THEIR ADOPTION, THEREBY ALLOWING THE TEST RESULTS INTO EVIDENCE AT A TRIAL SUBSEQUENT TO THE RULES' ADOPTION.
*106 We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. The courts below addressed the issues of whether the 1982 amendments to subsection 316.1932(1)(f)1, Florida Statutes (Supp. 1982), contained in chapter 82-155, Laws of Florida, required the Department of Health and Rehabilitative Services (HRS) to promulgate new rules governing the chemical tests used to determine blood alcohol content, and if so, whether the rules adopted by HRS in December 1982 could be applied retrospectively to arrests made prior to their adoption. Because we hold that the 1982 amendments to subsection 316.1932(1)(f)1 did not require that HRS immediately adopt new rules, we find it unnecessary to answer the district court's question of whether the rules later adopted by HRS could be applied retrospectively.
Effective July 1, 1982 the legislature substantially revised the laws regarding driving under the influence of alcohol and implied consent to tests for impairment. Among numerous other revisions, subsection 322.261(2)(a), Florida Statutes (1981), was renumbered as subsection 316.1932(1)(f)1 and amended in the following manner:
The tests test determining the weight of alcohol in the defendant's blood shall be administered at the direction of the arresting officer substantially in accordance with rules and regulations which shall have been adopted by the Department of Health and Rehabilitative Services. Such rules and regulations shall be adopted after public hearing, and shall specify precisely the test or tests which are approved by said Department of Health and Rehabilitative Services for reliability of result and facility of administration and shall provide an approved method of administration which shall be followed in all such tests given under this section.
(Language added is underscored, and language deleted is struck through.) Formerly, the "department" referred to in this subsection had been defined as the Department of Highway Safety and Motor Vehicles (DHSMV). § 322.01, Fla. Stat. (1981). The responsibility for adopting rules governing the administration of chemical tests had been shared by DHSMV with HRS through the authority granted to HRS under subsection 322.262(3), Florida Statutes (1981).[*] Thus, it is apparent that the 1982 amendments to section 316.1932 were intended to eliminate DHSMV's authority to adopt rules governing the chemical tests and rest that responsibility solely on HRS.
Between July 1, 1982 and December 16, 1982 HRS promulgated no new rules. On December 16, 1982 HRS adopted an emergency rule, effective on that date, which contained the same rules and regulations which had been in effect prior to July 1, 1982. On March 8, 1983 HRS formally adopted the same rules after a public hearing.
The state charged these six petitioners with driving under the influence of alcohol (DUI) in violation of section 316.193 during the period between July 1, 1982 and December 16, 1982. At the time of their arrests they submitted to chemical tests for blood alcohol content. The state alleged that they registered over .10 percent by weight of alcohol in their blood, thus triggering the statutory presumption of impairment. They filed motions in limine to exclude the chemical test results from evidence on the ground that at the time of their tests no valid rules and regulations for the administration of the chemical tests were in effect as required by section 316.1932. *107 In March 1983 the Duval County Court granted the motions in limine on the grounds that the 1982 amendments of section 316.1932 required that HRS issue new rules, and, therefore, no rules were in effect at the time of the petitioners' arrests.
Judge Harding of the Circuit Court of the Fourth Judicial Circuit consolidated the cases on an interlocutory appeal. Judge Harding reversed the county court and held that, while HRS was required to promulgate new rules, the rules subsequently adopted by HRS could be applied retrospectively to the tests administered to the petitioners because they are procedural rules governing the admissibility of test results at the time of trial. The First District Court of Appeal upheld Judge Harding's decision after consideration of the pleadings submitted in response to that court's order to show cause.
We approve the district court's affirmance of the circuit court's reversal of the county court, but we base our decision on basic principles of statutory interpretation rather than the retrospective application of HRS rules adopted subsequent to the petitioners' arrests. Both the county and circuit court erroneously concluded that the 1982 amendments to subsection 316.1932(1)(f)1 required HRS to promulgate new rules.
At the time that chapter 82-155 took effect on July 1, 1982 the Florida Administrative Code contained existing HRS rules regarding blood alcohol testing. Fla. Admin. Code Rule 10D-42 et. seq. These rules contained detailed and comprehensive instructions for the operation and maintenance of chemical test instruments and were sufficient by themselves to provide for the production of reliable evidence of alcohol content while protecting the health and safety of the public. Although HRS's rules had been supplemented by general rules of DHSMV, the rules of DHSMV deferentially stated that the "instruments must be operated in accordance with the procedures of the Department of Health and Rehabilitative Services." Fla. Admin. Code Rule 15B-3.04(1). It is apparent that one of the reasons the legislature amended section 316.1932 was to consolidate rule-making authority in one agency and thereby eliminate a bureaucratic duplication of effort.
Petitioners contend that the effect of the legislature's affirmation of HRS's rulemaking authority was to require that HRS adopt new rules. In support of this contention petitioners focus on the language of subsection 316.1932(1)(f)1 which states that "such rules shall have been adopted" by HRS. Petitioners urge that the use of the term "shall" should be interpreted to have required that HRS adopt new rules at a date future to the date of the enactment of the act by the legislature. Petitioners argue this interpretation is necessitated by the rule that a criminal statute must be strictly construed. Earnest v. State, 351 So.2d 957 (Fla. 1977).
While it is true that a criminal statute must be strictly construed, all principles of statutory construction and common sense defeat the interpretation of the statute urged by the petitioners. The word "shall" is normally used in a statute to connote a mandatory requirement rather than a future tense. In the Interest of S.R. v. State, 346 So.2d 1018 (Fla. 1977); Holloway v. State, 342 So.2d 966 (Fla. 1977); City of Orlando v. County of Orange, 276 So.2d 41 (Fla. 1973); Neal v. Bryant, 149 So.2d 529 (Fla. 1962); Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978); Florida Tallow Corp. v. Bryan, 237 So.2d 308 (Fla. 4th DCA 1970); United Bonding Insurance Co. v. Tuggle, 216 So.2d 80 (Fla. 2d DCA 1968). Despite that the overwhelming majority of decisions hold to the contrary, petitioners contend that "shall" connotes a future tense thereby requiring that new rules be promulgated by HRS. If the petitioners' interpretation is adopted, this Court would be obligated to find that the legislature intended to create a hiatus during which no HRS rules would be in effect. This is so because HRS's authority to hold a public hearing to adopt new rules would have been effective July 1, 1982 and its obligation to adopt new rules would *108 have been imposed on that same day. Obviously, HRS could not be expected to complete a full public hearing and draft and adopt a set of regulations in one day. It is an axiom of statutory construction that an interpretation of a statute which leads to an unreasonable or ridiculous conclusion or a result obviously not designed by the legislature will not be adopted. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950); Allied Fidelity Insurance Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982); Palm Springs General Hospital, Inc. v. State Farm Mutual Automobile Insurance Co., 218 So.2d 793 (Fla.3d DCA 1969). Rather than attribute to the statute a result obviously not intended by the legislature, we find that "shall" should be given its normal mandatory connotation.
We find that the effect of the phrase "shall have been adopted" was to require that HRS maintain a set of rules governing the administration of chemical tests to determine blood alcohol content. Such a set of rules existed on the effective date of the act and continued in effect during the period of petitioners' arrests. The agency's subsequent re-adoption of these rules on March 8, 1983 did not destroy or interrupt their operation. It is a well-settled rule under Florida law that when a statute is repealed and then substantially re-enacted by the legislature its operation is deemed to be continuous and uninterrupted. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974). Likewise, when an agency substantially re-adopts the provisions of its prior regulations the application of those provisions to actions which arose before their re-adoption is not destroyed or interrupted.
We therefore quash that portion of the district court opinion relating to the retrospective application of HRS rules adopted pursuant to subsection 316.1932(1)(f)1, Florida Statutes (Supp. 1982), but we approve that portion of the district court opinion which affirmed the circuit court's reversal of the county court's order and the remand for further proceedings. The test results may be introduced at trial subject to the proper predicate for admissibility showing compliance with the rules.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
NOTES
[*] That subsection stated:

Chemical analyses of the person's blood or breath, in order to be considered valid under the provisions of this section, must have been performed according to methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. The Department of Health and Rehabilitative Services is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the Department of Health and Rehabilitative Services.