## STATE OF FLORIDA v. BLAKE
Case Nos. 43582-LX and 43583-LX
## STATE OF FLORIDA v. BYRD
Case No. 39597-LX (Consolidated)

County Court, Volusia County
February 12, 1985

### APPEARANCES OF COUNSEL

**Rob Bobek,** Assistant State Attorney, for plaintiff.
**Russell F. Armstrong** for defendant, Blake.
**John C. Revis** for defendant, Byrd.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard on the Defendant's Motion in Limine to prohibit the introduction of the results of any breath tests upon the grounds that the State would be unable to prove that the

breath tests were administered in accordance with the rules of the Department of Health and Rehabilitative Services at the time of trial.

The defendants were arrested prior to October 23, 1984 for D.U.I. and given one breath test in accordance with the rules of H.R.S. at that time. On October 23, 1984, H.R.S. amended its rules concerning breath tests by requiring operators to give defendants two breath tests within five minutes of each other.

This Court in the *State of Florida v. Dingus,* Case No. 43387-LX, and four other cases pending before it, relied upon the case of *Drury v. Harding,* 443 So.2d 630 (Fla. 1st DCA) and *State v. Fardelman* 453 So.2d 1183 (Fla. 5th DCA), which cases held that "the law in effect at the time of the trial is the law that governs the admissibility of evidence", and held that the State in the *Dingus* case could not introduce the results of the breath tests because at the time of trial, two tests were required, whereas only one test was given.

The First District Court of Appeal certified the question to the Supreme Court of Florida and on December 21, 1984, the Supreme Court in *Drury v. Harding,* 9 FLW 531, "quashed" that portion of the First District Court of Appeal opinion relating to the retrospective application of H.R.S. rules and based its decision in affirming the First District Court of Appeal on basic principles of statutory interpretation rather than the retrospective application of H.R.S. rules adopted subsequent to the petitioner's arrest, and held that the H.R.S. rules at the time Section 316.193 was amended in 1982, were still in effect until the rules were re-adopted by H.R.S. after public hearing as required by the Legislature.

This Court must now consider the defendant's Motion in light of the latest ruling in the *Drury* case and apply basic statutory construction.

Counsel for the State submits several cases to indicate that the rules at the time of the defendants' arrest are applicable rather than at the time of trial.

In the case of *Gulfstream Park v. Division of Para-Mutuel Wagering,* 407 So.2d 263 (Fla. 3rd DCA 1981), the Court held that:

"Administrative rules will not be applied retroactively." (Page 265)

In *Fleeman v. Case,* 242 So.2d 825, the Supreme Court of Florida in 1976 said:

"Statutes are presumed to be prospective in application." (Page 817)

In *York v. State,* 10 So.2d 813 (Fla. 1943), the Supreme Court said that regulations concerning the practice of dentistry will not be permitted to be used in an "ex post facto manner".

18

On the other hand, counsel for the defense cites cases which hold that procedural changes are to be applied in pending cases.

In *Harris v. State*, 400 So.2d 819, the Court held that amended rules of criminal procedure pertaining to speedy trial, applied prospectively.

In *Johnson v. State*, 371 So.2d 556, it was held that a statute dealing with children prosecuted as adults was procedural and therefore applicable to the defendant, even though the defendant committed the offense prior to the effective date of the statute.

In *State v. Pezzario*, 383 So.2d 762, it was held that an act altering prescribed punishment cannot apply to offenses committed prior to its effective date.

This Court must determine whether the amended rules in question are substantive or procedural. If it is substantive then it was within the jurisdiction of the H.R.S. to promulgate the rules. If procedural, then only the Supreme Court can do so. As it was stated in Re: Florida Evidence Code, 372 So 2d 1369, the Supreme Court of Florida said:

"Rules of evidence may in some instances be substantive law and, therefore, the sole responsibility of the legislature. In other instances evidentiary rules may be procedural and the responsibility of this Court."

Judge Sharp in her concurring opinion in the *State v. Fardelman*, 453 So.2d 1183, raises the question of whether the rules adopted by H.R.S. are procedural or substantive when she said:

"Relying upon the principle that procedural rules may be retroactively applied, as the majority opinion appears to do, invites the dilemma of having to also hold that procedural rules governing the admissibility of evidence in Court may be passed by the legislature. The contrary is well established."

In order to resolve this dilemma, the Court finds that the rules of H.R.S. concerning the reliability of breath testing machines and the results thereof are substantive rather than procedural and therefore are applied prospectively unless specifically intended otherwise. The rule requiring two tests goes to the very essence as to the probative weight of the evidence and not the procedural aspect. It does not make it a pre-requisite to the introduction of the results of the breath tests, but can be attacked by proper cross-examination.

It is therefore,

ORDERED AND ADJUDGED that the Motion in Limine, be and the same, is hereby denied and that the State may produce the results of the breathalyzer test providing the rules were complied with at the

**19**

time of the arrest of the defendant, subject to cross-examination as to its reliability and accuracy.