# STATE OF FLORIDA v POLIKAN

## Case No. 85-0078AC10

Seventeenth Judicial Circuit, Broward County

July 25, 1986

### APPEARANCES OF COUNSEL

**State Attorney's Office** for appellant.

**Craig K. Satchell** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

## ˙ OPINION

## FACTS

Defendant/Appellee, Polikan was charged by Information filed June 20, 1984, with driving while under the influence of alcoholic beverages and unlawful blood alcohol level. The case was assigned to County Court Judge Thomas Lynch. The appellee was arrested on May 31, 1984 and she was administered at that time one 4011 intoxilizer examination, registering a blood alcohol level at .10 or above. A second breath test was not administered. Subsequent to her arrest but prior to her schedule trial date, Rule 10D-42 of the Florida Administrative Code, was promulgated by H.R.S. effective October 23, 1984 and mandated that at least *two* consecutive breath samples be collected within five minutes of one another in order to determine blood alcohol content.

Appellee filed a motion to suppress on May 20, 1985, seeking to preclude the State from introducing at trial testimony concerning the blood-alcohol test results on the ground that at the time of trial the above-cited amended H.R.S. rule required the administration of two breathalyzer tests and only one test had given to Appellee.

Judge Lynch granted Appellee's motion to suppress and entered a written order to that effect.

The State of Florida filed a Notice of Appeal on August 30, 1985.

## OPINION

The question presented on appeal is whether Judge Lynch erred in granting the Defendant's motion to suppress testimony of the blood-alcohol test results, and more specifically, whether the amended H.R.S. rule should be applied retroactively to this pending case.

Appellant contends that the trial court erred in granting the motion and adopting the Defendant's argument that the H.R.S. rule amended subsequent to her arrest should have retroactive application. Appellant argues that in so ruling the trial court placed it in an untenable position since at the time the single blood sample was extracted, it was not nor could not be contemplated that a new rule would be enacted increasing the required number of tests that must be conducted. Appellant maintains that retroactive application of the new H.R.S. rule is contrary to the holding of the Florida Supreme Court in *Drury v. Harding*, 461 So. 2d 104 (Fla. 1984) and legally indistinguishable from Judge Tyson's opinion in *Feeley v. State*, 18 Fla. Supp. 2d *163* (17th Judicial Circuit, 1985).

**145**

Appellee argues that Rule 10D-42 Florida Administrative Code, is a rule of procedure, and therefore retroactive in its application. Although Appellee cites several cases in its brief that support the uncontroverted principle that procedural changes apply retroactively to pending cases, this Court cannot agree with Appellee that Rule 10D-42 is procedural in nature.

The bedrock of Appellee's position is the case of *Drury v. Harding*, 443 So. 2d 360 (Fla. 1st DCA 1983), wherein the appellate court upheld the circuit court's refusal to suppress the results of a blood alcohol test, secured from the Defendant upon his arrest, at a time when there were no rules in effect governing testing procedures. It was not until a date just prior to trial that rules were enacted pertaining to the administration of blood alcohol tests. The District Court of Appeals held that since the subsequently enacted rules were designed to insure the reliability of the test results, the rules were *procedural* in nature for they pertained to the admissibility of the evidence at trial. In reaching this conclusion the First District mandated that these new procedural rules could be applied retroactively thereby allowing the pre-rule test results to be admitted at trial.

Appellee's brief omits any reference to the Florida Supreme Court's response to the First District certified question of whether the subsequently enacted rules governing the chemical tests used to determine blood alcohol content can be applied retrospectively to arrests made prior to their adoption. The Supreme Court responded to this question in *Drury v. Harding*, 461 So. 2d 104 (Fla. 1984), wherein it agreed with the results reached by the Circuit Court and District Court of Appeals but disagreed with the rationale employed to arrive at this conclusion. The Court held that basic principles of statutory construction and interpretation dictated that the rules in effect at the time of the defendant's arrest continued in effect until they were subsequently readapted and reenacted prior to his trial. The Supreme Court opinion in unequivocal terms rejected that portion of the First District's opinion premised upon the retrospective application analysis. In accord with this decision is *Houser v. State*, 474 So. 2d 1193 (Fla. 1985).

Appellant has attached to his brief the case of *Feeley v. State*, 18 Fla. Supp. 2d *163* (17th Judicial Circuit, 1985), and this case is almost identical to the case *sub judice*. On appeal, Judge Tyson in his appellate capacity affirmed County Court Judge Birken's decision denying a motion to suppress the results from a breathalyzer test and rejected the argument that H.R.S. rules adopted subsequent to arrest should be applied retroactively when as here there were other rules in effect at the time of arrest. Judge Tyson's opinion adopts the *common*

146

*sense* approach of the Florida Supreme Court in *Drury,* in effect holding that an interpretation of a statute or an administrative rule promulgated thereunder which leads to an unreasonable or ridiculous conclusion or a result not designed by the legislature would be totally unacceptable.

The Appellee's main contention that Rule 10D-42 Florida Administrative Code is a Rule of procedure and thus has retroactive application was also determined to be without merit in *State v. Blake,* 10 Fla. Supp. 2d 17 (County Court, 1985). The *Blake* decision was authorized by Volusia County Court Judge Josephson and although not precedent his opinion is certainly relevant and persuasive. The court addressed the identical issue raised herein and found that H.R.S. rules concerning the reliability of breath testing machines and the results thereof are *substantive* rather procedural. Substantive changes are applied prospectively unless specifically intended otherwise. Since Rule 10D-42 does not state whether or not it is to be applied retroactively, Judge Josephson concluded it should only be applied prospectively. The Court reasoned that the new rule requiring two breathalyzer test goes to the very essence of the probative *weight of the evidence* and not procedural aspects concerning its *admissibility into evidence.* The Court observed that while it was admitting the testimony of the single breathalyzer test its reliability and accuracy could be attacked at trial by proper cross-examination.

In conclusion it would have been totally unreasonable to expect the arresting officers to foresee the change in H.R.S. rules such as occurred in the instant situation and administer two tests when the existing rules only called for a single test. It obviously was not the legislative intent that all cases pending at the time new administrative rules became operable would automatically preclude the admissibility into evidence of breathalyzer results extracted in compliance with preexisting guidelines. Therefore, a contrary conclusion would certainly produce absurd results and not only make no sense but be totally inapposite.

The clear import of the new H.R.S. rules requiring two tests instead of one in an attempt to further insure that the breathalyzer test is accurate. Appellate asserts in accordance with *State v. Fardilman,* 453 So. 2d 1183 (Fla. 5th DCA 1984), and this Court agrees that the test result in this case has independent scientific standing to justify its admission regardless of which rules were in effect at the time of arrest.

## CONCLUSION

For the reasons herein stated and upon the authorities cited the

147

Order of County Court Judge Lynch is hereby reversed and the case is remanded for further proceedings.

DONE AND ORDERED this 25th day of July, 1986 in Fort Lauderdale, Broward County, Florida.