# STATE OF FLORIDA v SCHURR
## Case No. 83-0036 AC10
Seventeenth Judicial Circuit, Broward County
August 14, 1986

**APPEARANCES OF COUNSEL**

**Paul Zachs,** Assistant State Attorney, for appellant.
**Edward Garragh** for appellee.

## OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

*A. FACTS*

Appellee was arrested for Driving Under the Influence in the late evening on December 16, 1982, administered a blood test in the early morning hours of December 17, 1982 and formally charged by information on January 4, 1983 with this offense pursuant to Section 316.1925 (Florida Statutes). The instant appeal stems from the lower court's granting on April 22, 1983 of Appellee's Motion to Suppress.

The gist of Appellee's argument which was adopted by Judge Berkowitz clearly requires an undertaking of statutory and administrative construction. The claim advanced is that effective July 1, 1982 the Florida legislature, by enacting Section 316.1932, and repealing Section 322.262(3) eliminated the Division of Highway Safety and Motor Vehicles (DHSMV) authority to enact rules regarding the breathalyzer technician's training and the maintenance and administration of testing devices used to determine blood alcohol weight. The Department of Health and Rehabilitation Services (DHRS) which was given the exclusive authority to adopt such rules after public hearings issued emergency rules 10DER 82-141 through 10DER 82-154 which went into effect on December 16, 1982, just prior to the administration on December 17, 1982 of the breathalyzer in the instant case.

The Appellee argues that these temporary rules in effect provided for an adoption and continuation of the previously promulgated DHSMV regulations until the DHRS formally enacted rules following a public hearing. Appellee contends that these December 16, 1982 emergency rules are a nullity in that they constitute an improper delegation of authority by DHRS to the DHSMV whose authority to regulate in this area was purportedly terminated effective July 1, 1982 by the enactment of Section 316.1932. The DHRS conducted public hearings on permanent rules in this field on February 3, 1983 and on March 8, 1983 these permanent rules became effective.

The assertion raised by Appellee is that since the December 16, 1982 emergency rules were improperly proscribed, they continued in effect the DHSMV regulations (which *arguendo* were void effective July 1, 1982), that consequently there resulted a "gap period" between July 1,

**166**

1982 and March 8, 1983 during which there were no breathalyzer rules legally in effect. The Appellee argued that the breathalyzer technician who administered the test in question received his certification in August, 1982 based on regulations which were purportedly repealed as of July 1, 1982 according to his construction of Section 316.1932.

The Appellant counters that the relevant subparagraphs of Section 316.1932, namely, subparagraph (1)(f), an addition to transferring regulatory authority from the DHSMV to DHRS also by the specific addition of the word "substantially" modified and eliminated the previously implied although not statutorily imposed requirement that the testing process must be in *strict* compliance with the rules and regulations adopted. Furthermore, the Appellant refutes Appellee's claim that with the enactment of Section 316.1932, all existing DHSMV administrative rules governing the administration of breathalyzer tests and the equipment used, as enumerated in Chapter 10D-42, Florida Administrative Code became invalid and consequently required the promulgation of an entire new set of regulations. The position of Appellant is that Rule 10D-42.01 through 10D-42.14 which were enacted pursuant to Section 322.262(3) the "strict compliance predecessor", were merely renumbered to Rules 10D-42.21 through 10D-42.33 when its successor statute, Section 316.1932, the "substantial compliance" statute was codified. The argument follows that these DHRS rules continued to be valid without any interruption after July 1,1982, the date authority to enact such rules were transferred from joint DHSMV and DHRS responsibility to DHRS exclusively. Lastly, Appellant contends the emergency rules 10DER 82-141 through 10DER 82.154 implemented by DHRS on December 16, 1982 until the permanent rules were promulgated on March 8, 1983 were identical to the old and new rules and that therefore the Defendant or anyone similarly situated would have no valid claim of being prejudiced.

*B. OPINION*

The position raised by the Appellee and adopted by Judge Berkowitz was rejected in a subsequent opinion issued by the Florida Supreme Court. In *Drury v. Harding*, 461 So. 2d 104 (Fla. 1984), the high court addressed the identical statutes and administrative regulations alluded to in the instant case. The issue if *Drury* was whether the emergency rules adopted by the DHRS on December 16, 1982 pursuant to Section 316.1932 could be applied to tests administered prior to their adoption but subsequent to July 1, 1982, (the so called "gap period" during which DHRS promulgated no new rules), thereby allowing the tests results into evidence at a trial held subsequent to December 16, 1982. Simply stated the question for resolution in *Drury* was whether the

emergency rules were retroactively applicable to the "gap period" during which the defendants in that case claimed there were no rules in effect at the time of their arrest. The opinion of the Supreme Court in tackling the pending controversy likewise shed considerable light on the very issue before this Court, that is the legal efficacy of the December 16, 1982 emergency rules themselves and their applicability to tests conducted between their adoption and March 8, 1983.

Justice McDonald, in writing for the Court, ruled that the July 1, 1982 revisions to Sections 316.1932 (1)(f)(1) did not obligate DHRS to *immediately* enact new rules. Beginning with the premise that the legislature's motive in this legislation was the consolidation of regulatory authority into one agency, namely DHRS, the opinion construes the relevant language of this enactment, to wit:

. . . . Such rules and regulations shall be adopted after public hearings, . . . .

not to require the promulgation by DHRS of new rules in the future. Such an interpretation, as the Appellee herein advocates, would create a regulatory quagmire since unless the public hearings and new rules were adopted on one and the same day, that is, July 1, 1982 there would in fact be, contrary to common sense and the orderly administration of our state laws, a gap during which there would be no breathalyzer testing rules in effect. This proposed, yet with due deference, unreasonable statutory construction, is patently not contemplated by the legislature and must be rejected. *Allied Fidelity Insurance Co. v. State*, 415 So.2d 109 (Fla. 3d DCA 1982).

Lastly, as this landmark decision noted, if a statute is repealed and thereafter substantially reenacted by the legislature its operation is deemed to be continuous and uninterrupted. *McKibben v. Mallory*, 293 So. 2d 48 (Fla. 1974). As the foregoing review has demonstrated the amendments to Section 316.1932(1)(f)(1) which repealed Section 322.262 merely by transferring from DHSMV to DHRS *all* of the blood alcohol testing regulatory authority and the readoption by DHRS on March 8, 1983 of the identical regulations (although renumbered) that had been in effect until July 1, 1982, confirms that this process is precisely what transpired in the instant case.

## C. CONCLUSION

For the reasons stated herein and upon the authorities cited, the Order of County Court Judge Berkowitz is hereby reversed and the case is remanded for further proceedings.

DONE AND ORDERED this 14 day of August, 1986 in Fort Lauderdale, Broward County, Florida.