# STATE OF FLORIDA v PAPES
### Case No. CJAP85-1
Ninth Judicial Circuit, Orange County
October 22, 1986

## APPEARANCES OF COUNSEL

**Jack McLaughlin,** Assistant State Attorney, for appellant.
**Stanton L. Cobb** for appellee.

## OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

The issue is whether the trial court erred in granting the Defendant's

Motion in Limine to exclude breathalyzer test results. The Defendant was arrested September 6, 1984 for Driving Under the Influence. Procedures for administering a breathalyzer in effect at the time of the Defendant's arrest required one breathalyzer test. *Fla. Admin. Code*, Section 10D-42.

Before the trial, the Department of Health and Rehabilitative Services changed the standards for breathalyzer testing requiring two tests within a five minute period. Defense counsel filed a Motion in Limine to exclude the breathalyzer test results contending that the new H.R.S. standards should apply retrospectively. The Motion was granted and the State appeals.

The State cites *Drury v. Harding*, 461 So.2d 104 (Fla. 1984) contending that the new H.R.S. rules should not be retrospectively applied. In *Drury*, the petitioners asserted that a legislative transfer of authority for breathalyzer test procedures created a period of time when no valid regulations existed. The petitioners filed a motion in limine to exclude chemical test results made during this period. The trial court granted the motion, but was reversed by the Circuit Court. The First District Court of Appeal upheld the Circuit Court ruling that the H.R.S. rules could be applied retrospectively. The Florida Supreme Court affirmed on other grounds without holding that administrative rules are applied retrospectively. Consequently, there is no conclusive ruling regarding the retrospective H.R.S. administrative rules and standards.

In *Gulfstream Park v. Division of Pari-Mutuel Wagering*, 407 So.2d 263 (Fla. 3d D.C.A. 1981), the department denied appellant's application for quarter horse racing pursuant to an administrative rule enacted subsequent to *Gulfstream's* application. The court held an administrative rule cannot be applied retrospectively absent a clear legislative intent to the contrary. In support of its decision, the court cited *York v. State*, 10 So.2d 813 (Fla. 1943), which held "administrative regulations are binding on those affected by them only when promulgated in due course and may not be used in an ex post facto manner."

In a District of Columbia case, *Columbia Road v. District of Columbia*, 400 A.2d 333 (D.C. 1978), the court ruled that the Rental Accommodations Commission could not apply new standards to actions initiated before the release date of the regulations and that administrative regulations should apply prospectively absent a showing that the intention of the agency was to make regulations effectively retroactively, that such retroactive application is necessary, that the agency has the authority to make regulations retroactively applicable,

152

and that such application of regulations would not cause fundamental unfairness to those concerned.

In the instant case, there is no evidence that legislature directed H.R.S. to enact these rules retrospectively. Further, there is no evidence that H.R.S. had the intent or authority to make the testing standards retrospectively especially absent necessity; however, the State would be prejudiced by such application. Although the *Columbia Road* opinion is not binding on this Court, it is persuasive and suggests guidelines for applying Florida case law.

Defendant contends the trial court has broad discretion in allowing or suppressing evidence, and it was not an abuse of this discretion to disallow the breathalyzer test results. In *Delap v. State*, 440 So.2d 1242 (Fla. 1983), appellant claimed his constitutional rights were violated by the exclusion from evidence of polygraph test results. The court held that appellant's rights were not infringed, ruling "polygraph testing has not passed the reliability threshold so as to allow its admission as a scientific test or experiment."

Breathalyzers have passed the threshold of reliability and are accepted and recognized methods of testing for intoxication. The results of these tests are admissible as evidence. *Fla. Stat.*, Section 316.1934. The tests must be administered in accordance with methods approved by the Department of Health and Rehabilitative Services. *Fla. Stat.*, Section 316.1934(3). Prior to the amendment to H.R.S. procedures, only one test was required to establish reliable evidence of impairment. The new standards do not impeach the reliability of the former procedure, but merely increase the test's probative value.

In the instant case, the test result is relevant evidence tending to prove a material fact. It is therefore admissible evidence unless its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *Fla.R.Evid.*, Section 90.403. There is little prejudice to the Defendant because the former standard contained detailed and comprehensive instructions sufficient to produce reliable evidence. *Drury v. Harding*, 461 So.2d 104 (Fla. 1984).

REVERSED AND REMANDED for trial consistent with this opinion.