SCHOONOVER, Judge,
dissenting.
I respectfully dissent. I would hold that section 101.121 is valid in all respects. A statute is unconstitutional for overbreadth if it achieves the government’s purpose to control or prevent activities properly subject to regulation by means that sweep too broadly into an area of constitutionally protected freedom. Gray. I believe that the provisions of section 101.121 do not violate this restriction.
Although I agree with the legal principles set forth in the majority opinion, those principles do not control this case because section 101.121 regulates conduct and does not attempt to restrict first amendment rights as did the United States Code provision declared unconstitutional in Grace and the statute prohibiting solicitation near polling places declared unconstitutional in Clean-Up ’84- When a statute is intended to regulate conduct, as in this case, and only incidentally burdens free speech, the constitutionality of the statute must be considered with less scrutiny than would be applied to a statute specifically directed at first amendment rights. See Broadrick. To find such a statute unconstitutional, the overbreadth must not only be real, but substantial when judged in relation to the statute’s plainly legitimate sweep. Broad-rick. The first amendment, furthermore, does not bar application of a neutral regulation that incidentally burdens speech, despite the fact that there might be an alternative that is less burdensome upon speech. U.S. v. Walsh, 770 F.2d 1490 (9th Cir.1985). See also, Clark v. Community for Creative Nonviolence, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984).
I believe that the disposition of this case is controlled by principles enunciated in U.S. v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). In O’Brien, the Supreme Court held that when speech and nonspeech elements are combined in the same course of conduct, a sufficiently important government interest in regulating the nonspeech element can justify incidental limitation on first amendment freedoms. It is clear that a governmental regulation is sufficiently justified if it is within the constitutional power of the government, if it furthers an important or substantial governmental interest, if the governmental interest is unrelated to the suppression of free expression, and if the incidental restriction on alleged first amendment freedoms is no greater than is essential to the furtherance of that interest. O’Brien. This test “is little, if any, different from the standard applied to time, place, or manner restrictions.” Clark.
The right to a secret ballot is a constitutional privilege, McDonald v. Miller, 90 So.2d 124 (Fla.1956), and the states have a legitimate interest in preserving the integrity of their electoral process. Brown v. Hartlage, 456 U.S. 45, 102 S.Ct. 1523, 71 L.Ed.2d 732 (1982); Clean-Up ’84. States must assure their voters that they may exercise their franchise to vote without distraction, interruption, or harassment. Clean-Up ’84. The statute in question is designed to, and does, accomplish these objectives by prohibiting unauthorized people from coming within fifty feet of the polls while the polls are open for voting. In keeping unauthorized people from within the polls themselves, the election process is allowed to function without disruption. Election officials charged with such a great degree of responsibility to the voters should be allowed to perform their duties without the distraction or interruption which would result from allowing unauthorized people into the polling places. These same people would distract and interrupt, and possibly harass, the citizens who are at the polls for the singular purpose of exercising their constitutional privilege to cast a secret ballot. The requirement that unauthorized people remain at least fifty feet away is also a reasonable requirement. Any distraction, interruption, or harassment of a person standing in line to vote, impedes the election process and denies a citizen the right to cast a secret ballot in the absence of such impediments.
The majority indicates that the broad language of the statute could easily be applied to exclude those accompanying aged or in *228 firm voters or children with voting parents. The record contains no evidence of section 101.121 having been enforced in such a manner, and such an interpretation of the statute would be contrary to case law requiring election laws to be construed liberally in favor of the right to vote. See State ex rel. Whitley v. Rinehart, 140 Fla. 645, 192 So. 819 (1939). A statute, furthermore, should not be interpreted in a manner that would lead to a ridiculous result. See Drury v. Harding, 461 So.2d 104 (Fla.1984). The provisions of section 101.121, therefore, should not be interpreted to prohibit someone from accompanying an aged or infirm voter to the polls or to prohibit voters from bringing their children with them to the polls rather than hiring a baby sitter. Likewise, the statute should not be interpreted to prevent a doctor from entering the building to treat a voter who needs emergency care or to prevent a person bringing food or beverages to the election workers. These activities are all incidental to the voting process and are sometimes necessary to facilitate someone else’s ability to vote.
As for the majority’s concern for nondis-ruptive reporters, photographers, solicitors, and exit poll takers, the statute does not prohibit such individuals from gathering news about a particular election. Although an incidental result of the statute does require these individuals to modify their activities so that the election process may be conducted in an orderly fashion, the right to speak and publish does not carry with it the unrestrained right to gather information. Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179, rehearing denied, 382 U.S. 873, 86 S.Ct. 17, 15 L.Ed.2d 114 (1965). Requiring reporters, photographers, solicitors, and exit poll takers to perform their activities more than fifty feet away from the polling place is a reasonable time, place, and manner restriction in view of the compelling state interest which is unrelated to the suppression of speech, and the obvious presence of alternative means to obtain and communicate information surrounding the election. See Clark; Clean-Up ’84.
Since section 101.121 is sufficiently justified and within the constitutional power of the legislature, furthers an important or substantial government interest which is unrelated to the suppression of free expression, and only incidentally restricts alleged first amendment freedoms, it is not over-broad. See O’Brien. I would, therefore, affirm the trial court order holding that section 101.121 is constitutional.