Mr. Noah C. McKinnon, Jr. County Attorney Flagler County Post Office Drawer 787 Bunnell, Florida 32110
Dear Mr. McKinnon:
On behalf of the Board of County Commissioners of Flagler County you have asked for my opinion on the following questions:
1. Is a charter commission, created under s. 125.61, F.S., mandated by s. 125.63, F.S., to present a proposed charter to the board of county commissioners?
2. Does the charter commission have the discretion to determine that no charter is required based upon its comprehensive study of the operation of county government and the ways the conduct of the county government might be improved or reorganized?
In sum:
1. A charter commission created pursuant to s. 125.61, F.S., must present a proposed charter to the board of county commissioners for approval or disapproval by a vote of the qualified electors.[1]
2. Your second question is moot based on my answer to Question One.
Your questions are interrelated and will be answered together.
Section 1(c), Art. VIII, State Const., provides:
Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose.
Part II, Ch. 125, F.S., contains the provisions of general law to be utilized by any noncharter county for local initiation and adoption of a county home rule charter. Pursuant to s. 125.61(1), F.S.:
Following the adoption of a resolution by the board of county commissioners or upon the submission of a petition to the county commission signed by at least 15 percent of the qualified electors of the county requesting that a charter commission be established, a charter commission shall be appointed pursuant to subsection (2) within 30 days of the adoption of said resolution or of the filing of said petition.
The duties of the charter commission are prescribed in s. 125.63, F.S., which requires that the commission study the operation of county government and the ways in which the conduct of such county government might be improved or reorganized. The statute requires that:
Within 18 months of its initial meeting, unless such time is extended by appropriate resolution of the board of county commissioners, the charter commission shall present to the board of county commissioners a proposed charter, upon which it shall have held three public hearings at intervals of not less than 10 nor more than 20 days. (e.s.)
Any amendments which the commission determines to be desirable shall be incorporated into the proposed charter at the final hearing at which time the charter is to be voted upon and forwarded to the board of county commissioners so that a referendum may be held on the charter as provided in s. 125.64, F.S.
After the charter is submitted to the board of county commissioners by the charter commission, the board shall call a special election to be held not more than 90 nor less than 45 days subsequent to its receipt of the proposed charter.[2] The special election is a referendum of the qualified electors within the county and is held to determine whether the proposed charter shall be adopted.[3] If a majority of those voting favor the adoption of the new charter, it shall become effective January 1 of the succeeding year or at such other time as the charter shall provide.[4] If the proposed charter is disapproved by a majority of the voters, no new referendum may be held for 2 years following the date of such disapproval.[5]
Section 125.63, F.S., states that "the charter commission shall present to the board of county commissioners a proposed charter . . . ." (e.s.) The word "shall" is normally used in a statute to connote a mandatory requirement.[6] Thus, applying general rules of statutory construction, the requirement that the charter commission present a proposed charter to the county commission is a mandatory one.
The determination whether the charter is necessary is left to the qualified electors of the county; the charter commission does not possess such power. A county charter commission is a statutory preparation of a proposed home rule charter. It is well settled that such a statutory entity has only those powers that are expressly conferred upon it by the Legislature or those that must necessarily be implied in order to carry into effect the powers expressly granted.[7]
Therefore, the charter commission is limited in its authority to act by s. 125.63, F.S., which imposes a mandatory duty on the commission to present a proposed charter to the board of county commissioners.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] I would note, initially, that no comment is expressed herein regarding the removal of charter commission members who fail to act pursuant to s. 125.61, F.S.
[2] Section 125.64(1), F.S.
[3] Id.
[4] Section 125.64(2), F.S.
[5] Section 125.64(3), F.S.
[6] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984); Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[7] See, AGO 71-316 (a charter commission has no further control over a proposed charter after it has been submitted to the board of county commissioners for approval or disapproval by the electorate); AGO 72-286 (a charter commission has no authority to submit a proposed county charter to a "straw-ballot" referendum election).