Norma H. Atteberry Chairman, Long-Term Care Ombudsman Council
QUESTION:
1) Does the language in s. 400.307(4), F.S., impose a residency requirement on district ombudsman council members to a particular district?
2) Does a district ombudsman council member have the authority to inspect or perform other statutory duties outside of his district?
3) Does the reorganization of the Department of Health and Rehabilitative Services into fifteen districts affect the ombudsman councils?
SUMMARY:
1) Section 400.307(4), F.S., which in providing for the composition of a district ombudsman council requires that members of the council be from the district imposes a residency requirement that members of a council be from the particular district.
2) The authority of a district ombudsman council to inspect facilities pursuant to s. 400.314(4), F.S., is limited to facilities located within the council's district.
3) Inasmuch as s. 400.307(1), F.S., provides that there shall be at least one nursing home and long-term care facility ombudsman council in each of the districts of the Department of Health and Rehabilitative Services, the reorganization of the department into fifteen districts would affect the number of ombudsman councils and the boundaries of their jurisdiction.
AS TO QUESTION 1:
The state and district nursing home and long-term care facility ombudsman councils are created by ss. 400.304 and 400.307, F.S., respectively, as volunteer citizen advocacy councils for the rights of nursing home and long-term care facility residents.[1]
The councils are housed for administrative purposes within the Department of Elderly Affairs.[2] You state that ombudsman councils are responsible for investigating and resolving resident complaints and for conducting onsite administrative inspections of nursing homes and long-term care facilities.
Section 400.307(1), F.S., provides:
 There shall be at least one nursing home and long-term care facility ombudsman council in each of the districts of the Department of Health and Rehabilitative Services,[3]
which shall function under the direction of the state ombudsman council.[4]
Section 400.307(4), F.S., provides that "[e]ach district ombudsman council shall be composed of no less than 15 members and no more than 20 members from the district . . . ."[5]
(e.s.) The language of s. 400.307, F.S., appears clear. The statute, in requiring that council members be from the district, would appear to impose a residency requirement on members.[6]
Where the Legislature provides the method of doing a thing, that is, in effect, a prohibition against its being done in any other way.[7]
Accordingly, I am of the opinion that s. 400.307(4), F.S., which requires that members of a district ombudsman council be from the district imposes a residency requirement that members of a council be from the district served by the ombudsman council.
AS TO QUESTION 2:
Pursuant to s. 400.314(4), F.S., a district ombudsman council is required to conduct, at least annually, "an investigation, which shall consist, in part, of an onsite administrative inspection, of each nursing home or long-term care facility within itsjurisdiction." (e.s.) You ask whether the above provision authorizes an ombudsman council member to administratively inspect a facility or perform any other statutory duty outside of his district.
Section 400.307, F.S., provides for the establishment of at least one ombudsman council in each of the Department of Health and Rehabilitative Services districts. As discussed in Question One, members of a district ombudsman council are required to be from that district. Section 400.314(4), F.S., clearly provides that a district ombudsman conduct an onsite administrative inspection of nursing home or long-term facilities within its jurisdiction. You have not advised this office of any provision authorizing a district ombudsman council to act outside the district it serves. Based upon the above, it appears that the jurisdiction of the council referred to in s. 400.314(4), F.S., is limited to the district which it serves. Therefore, I am of the opinion that the provisions of s. 400.314(4), F.S., requiring the council to inspect facilities within its jurisdiction, authorizes the council only to inspect facilities located within the Department of Health and Rehabilitative Services district it serves.
AS TO QUESTION 3:
The 1992 Legislature increased the number of districts of the Department of Health and Rehabilitative Services from eleven to fifteen.[8] As noted in Question One, s. 400.307(1), F.S., provides that there be at least one district ombudsman council in each of the districts of the Department of Health and Rehabilitative Services. Thus, the increase in the number of districts of the Department of Health and Rehabilitative Services would appear to require the increase in the number of district ombudsman councils so that the mandate of s. 400.307(1), F.S., is met.
RAB/tjw
[1] See, s. 400.301(2), F.S., stating that adult congregate living facilities and adult foster homes shall be referred to as "long-term care facilities."
[2] See, ss. 20.41(3) and 400.304(1), F.S.Compare, s. 400.304(4), F.S., stating that "[i]n performing the duties specified in state and federal law, the ombudsman councils shall be independent of the Department of Health and Rehabilitative Services and the Department of Elderly Affairs."
[3] The language "of the Department of Health and Rehabilitative Services" was added in 1992 by s. 27, Ch. 92-33, Laws of Florida.
[4] And see, s. 400.304(3)(a), F.S., providing that the state ombudsman council is responsible for, among other things, helping to establish and coordinate the district councils within the state.
[5] The statute requires that the members include
one medical or osteopathic physician whose practice includes or has included a substantial number of geriatric patients and who may have limited practice in a long-term care facility; one registered nurse who has geriatric experience, if possible; one nursing home administrator; one owner or operator of an adult congregate living facility; one licensed pharmacist; one registered dietitian; at least five nursing home residents or representative consumer advocates for nursing home residents; at least two long-term care facility residents or representative consumer advocates for long-term care facility residents; one attorney; and one professional social worker. . . .
No medical director of a nursing home or long-term care facility or employee of the agency for health care administration, Department of Health and Rehabilitative Services or Department of Elderly Affairs may serve as a member or ex officio member of a council.
[6] See, 86 C.J.S. The p. 656, stating in part:
It is generally used before nouns with a specifying or particularizing effect, and as opposed to the generalizing effect of the indefinite article "a" or "an." . . . The term may be employed to designate one particular from a class or number . . ..
See also, Black's Law Dictionary p. 1647 (4th rev. ed. 1968).And see, Drury v. Harding, 461 So.2d 104 (Fla. 1984) (word "shall" is normally used in a statute to connote a mandatory requirement).
[7] See, e.g., Thayer v. State, 335 So.2d 815, 817
(Fla. 1976); Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944).
[8] See, s. 3, Ch. 92-58, Laws of Florida. Andsee, s. 64, Ch. 92-58, Laws of Florida, stating that except as otherwise expressly provided in the act, Ch. 92-58, Laws of Florida, shall take effect July 1, 1992.