Honorable T.J. "Jerry" Greeson Nassau County Clerk of Court
QUESTION:
Is the clerk of court authorized to record a facsimile document in the official records?[1]
SUMMARY:
As is the case with other certified copies, the clerk of court is authorized to accept a certified copy of a facsimile document (a "fax") for purposes of filing in the official records of the county.
The clerk of the circuit court is mandated by statute to record "all instruments that he may be required or authorized by law to record in the county where he is clerk."[2] The statute states that:
 The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law: (a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it . . . . (b) Notices of lis pendens . . . . (c) Judgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of the judgments. (d) That portion of a certificate of discharge, separation, or service which indicates the character of discharge, separation, or service of any citizen of this state with respect to the military, air, or naval forces of the United States. . . . (e) Notices of liens for taxes payable to the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States. (f) Certified copies
of petitions . . . commencing proceedings under the Bankruptcy Act of the United States . . . . (g) Any other instruments required or authorized by law to be recorded.[3]
(e.s.)
In addition, s. 28.29, F.S., provides, in part, that "[t]he certified copy of a judgment, required under s. 55.10 to become a lien on real property, shall be recorded only when presented for recording with the statutory service charge." Thus, Ch. 28, F.S., clearly contemplates the use of certified copies by the clerk of court as official records in certain instances and does not specify the form of such copies.
The statutes set forth above provide that the clerk shall
record the specified documents upon payment of the service charge. The term "shall" when used in a statute has a mandatory connotation.[4] In performing this duty, the clerk of circuit court acts in a purely ministerial capacity and has no discretion.[5] Thus, this office has determined that if an instrument is entitled to be recorded, it must be recorded by the clerk if properly executed and upon payment of the clerk's fee.[6]
However, this office has also stated that the clerk of court may not accept for recording in the official records any document which the law does not authorize or require him or her to record. In AGO 90-69, this office considered whether the clerk of court must record documents not identified in s. 28.222, F.S., such as living wills, child custody agreements between parties without court approval, foreign state birth certificates, foreign country birth certificates and documents in a foreign language without an English translation. The opinion focused on the limitation upon the authority of the clerk to perform only those duties authorized by law and recognized the statutory mandate that the clerk record "all instruments that he may be required or authorized by law to record in the county where he is clerk." Based on these considerations, this office concluded that the clerk is not authorized to record any document or instrument which is not specifically required or authorized to be recorded by s. 28.222, F.S., or by law.[7]
A number of other statutes authorize officials to utilize facsimile documents, commonly called "faxes." Section 15.16(2), F.S., provides, in part, that:
Photographs, nonerasable optical images, or microphotographs in the form of film, facsimiles, or prints of any records made in compliance with the provisions of [s. 15.16, F.S.] shall have the same force and effect as the originals thereof and shall be treated as originals for the purpose of their admissibility in evidence. (e.s.)
With regard to traffic citations, s. 316.650(5), F.S., states that:
Upon the deposit of the original and one copy of such traffic citation or upon deposit of an electronic facsimile of the traffic citation with respect to traffic enforcement agencies which have an automated citation issuance system with a court having jurisdiction over the alleged offense or with its traffic violations bureau as aforesaid, the original, facsimile, or copy of such traffic citation may be disposed of only by trial in the court or other official action by a judge of the court . . . . (e.s.)
Finally, s. 465.035, F.S., sets forth a detailed procedure allowing pharmacies to dispense medicinal drugs pursuant to an electronic facsimile of an original prescription.
While no provision of Ch. 28, F.S., specifically authorizes a clerk of court to accept electronic facsimile documents for recording in the official records, s. 28.222, F.S., does authorize the clerk to accept certified copies for recording and, as a certified copy, a facsimile document is entitled to recording as is any other. Therefore, to the extent such a document is a certified copy as contemplated by s. 28.222, F.S., it is my opinion that a clerk of court may file an electronic facsimile copy of a document in the official records of the county.
[1] You have also asked for my opinion concerning the provisions of Rule 2.090, Florida Rules of Judicial Administration. This rule authorizes the electronic filing of documents in judicial proceedings. This office has no authority to interpret rules adopted by the Florida Supreme Court and such questions should be addressed to the Court. See, s. 16.01(3), F.S., and Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions.
[2] Section 28.222(1), F.S.
[3] Section 28.222(3), F.S.
[4] See, AGO 91-18 (if the clerk can determine that an instrument, even though illegible, is entitled to be recorded, it must be recorded if properly executed and upon payment of the clerk's fee); Drury v. Harding, 461 So.2d 104 (Fla. 1984).
[5] See, AGO 91-18 and cases cited therein.
[6] See, AGO 75-309 stating that the clerk is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to recordation under s. 28.222, F.S. And see, AGO 67-6 (clerk has no duty, responsibility or authority to examine an instrument presented for filing to determine if the requisites of the Uniform Commercial Code have been met except that statute requires clerk to insure that instrument contains a statement to the effect that the documentary stamp tax has been paid).
[7] And see, AGO 92-24 in which this office concluded that, absent statutory authority or judicial direction, the clerk of court may not accept and record death certificates into the official records.